Matthew J. Jasen, J.
Plaintiff moves to amend the summons and complaint, pursuant to "CPLR 3025, by changing the name of the defendant from Park Lane Restaurant, Inc., to Buffalo Park Lane Restaurant, Inc.
It is claimed by plaintiff that this is only an informal defect and cannot prejudice the defendant, that to refuse to permit the amendment would in fact prejudice the plaintiff as the Statute of Limitations has expired.
Defendant contends that the court lacks jurisdiction to permit the amendment of a corporate title where in fact a different or improper corporate title is set forth. This it .is argued would be a substitution of a nonentity for an existing one or to substitute one corporate entity for another.
An examination of the complaint reveals that plaintiff alleges being injured on property located at Delaware Avenue and Gates Circle, Buffalo, New York. Erroneously the owner of this property is titled as Park Lane Restaurant, Inc., Delaware Avenue and Gates Circle, Buffalo, New York, whereas the correct title of the owner should have been, Buffalo Park Lane Restaurant, Inc., 33 Gates Circle, Buffalo, New York.
The affidavit of service indicates that the summons and complaint were served on Peter Gust, the manager of the restaurant *519 operated by Buffalo Park Lane Restaurant, Inc., at the premises located on Gates Circle and Delaware Avenue, in Buffalo, New York.
There is no showing that Park Lane Restaurant, Inc. is actually a different and separate corporate entity. Furthermore, it is not controverted by the corporation, Buffalo Park Lane Restaurant, Inc., that it owned, operated, maintained and controlled a restaurant at 33 Gates Circle, which is located at G-ates Circle and Delaware Avenue in Buffalo, New York.
The court may correct an omission at any stage of the action, if a substantial right of a party is not prejudiced (CPLR 2001).
Upon the circumstances presented, there can be no doubt that the plaintiff had intended to sue the owner and operator of the restaurant located at Gates Circle and Delaware Avenue, Buffalo, New York, commonly known and advertised as the Park Lane Restaurant and that service on the manager (Peter Gust) of the actual owner and operator of the restaurant (Buffalo Park Lane Restaurant, Inc.) was in effect effected.
This court is of the opinion that where service was effected, under a misnomer, upon the party which plaintiff intended to sue, the court has jurisdiction over the party provided the party was fairly apprised that it was the party the action was intended to affect. (See Stuyvesant v. Weil, 167 N. Y. 421, 426 and Ryan v. Nationwide Mut. Ins. Co., 20 A D 2d 274.)
The omission of the word Buffalo in the description of the defendant was an insubstantial error which plaintiff should be permitted to cure by amendment.