Victor L. Anfuso, J.
Defendant corporation moves pursuant to CPLR 3211 (subd. [a], par. 7) for judgment dismissing the complaint for legal insufficiency or in the alternative for summary judgment pursuant to CPLR 3212.
The verified complaint alleges that on or about April 20, 1965 the plaintiff, owner of premises known as 711-715 Kings Highway in the County of Kings, City of New York, entered into a written lease agreement with defendant whereby plaintiff leased the aforesaid premises to defendant for a period of 15 years commencing July 1, 1966; that with the exception of a security deposit of $5,000 paid by defendant to plaintiff pursuant to the lease agreement, which sum plaintiff now tenders or offers to return to defendant, the lease remains wholly executory; that under the terms of the lease the demised premises were to be used as a motion picture theatre; that the purposes for which the defendant corporation was formed were restricted generally *374 to marine activities including marine repairs and the building and equipment of boats and vessels, as set forth in the certificate of incorporation; that the execution of the subject lease calling for defendant’s use of the demised premises as a motion picture theatre, and the conduct and operation of a motion picture theatre business for profit by the defendant are acts which fall completely outside the scope of the powers and authority conferred by the defendant’s corporate charter, thereby rendering invalid the lease agreement entered into by the parties. The complaint then prays for a declaratory judgment declaring the lease to be invalid or in the alternative for rescission and further that the defendant be enjoined from performing, or exercising any rights, under the lease.
In the opinion of the court section 203 of the New York Business Corporation Law embraces the situation presented by the factual allegations of the complaint and requires a dismissal of the complaint for failure to state a cause of action. This section provides as follows: That no act of a corporation and no transfer of property to or by a corporation, otherwise lawful, shall be invalid by reason of the fact that the corporation was without capacity or power to do such act or engage in such transfer except that such lack of capacity or power may be asserted (1) in an action brought by a shareholder to enjoin a corporate act or (2) in an action by or in the right of a corporation against an incumbent or former officer or director of the corporation or (3) in an action or special proceeding brought by the Attorney-General. It is undisputed that the present case does not fall within the stated exceptions contained in section 203. It is accordingly clear from the language of the statutory provision hereinabove referred to that there is no substance to plaintiff’s argument, in opposition to the instant motion, which is predicated on a want of corporate power to do an act or enter into an agreement beyond the express or implied powers of the corporation conferred by the corporate charter.
Neither is there merit to the plaintiff’s contention that section 203 applies only where ultra vires is raised as a defense. Notwithstanding the fact that this section is entitled “ Defense of ultra vires ’ ’ it seems that except in the three stated situations set forth in the section, which are not applicable to the instant case, ultra vires may not be invoked as a sword in support of a cause of action any more than it can be utilized as a defense. To hold otherwise would render meaningless those provisions in section 203 which permit ultra vires to be invoked in support of the actions or proceedings set forth as exceptions to the general language of this section. (See, also, on this point 27 *375 Albany L. Bev. 202 “ The New York Business Corporation Law ”, p. 204.)
Finally plaintiff’s contention that the ultra vires doctrine still applies fully to executory contracts must be rejected. By virtue of section 203 the doctrine may not be invoked even though the contract which is claimed to be ultra vires is executory, as in the instant case. (See Revisers’ Notes and Comments on section 203 of the Business Corporation Law; McKinney’s Cons. Laws of N. Y., Book 6; see, also, Comments in 11 Buffalo L. Rev. 615 “ Particular Problems under the New York Business Corporation Law”, p. 630; 36 St. John’s L. Rev. 1 “ The New York Business Corporation Law” (Kessler), p. 13.)
Accordingly the defendant’s motion for judgment dismissing the complaint for insufficiency is granted. So much of the defendant’s motion as seeks in the alternative summary judgment based on the amendment of defendant’s certificate of incorporation subsequent to the commencement of the instant action, so as to include in the powers granted to the corporation the power to exhibit motion pictures, need not be considered in view of the determination herein made on the motion to dismiss for insufficiency.