OPINION OF THE COURT
Eve Preminger, J.
Plaintiff, a longshoreman, seeks to recover damages for personal injuries he suffered while working on defendant’s ship. Defendant alleges that a Federal statute designed for the protection of longshoremen should be used in this case to bar recovery.
The statute in question, the Longshoremen’s and Harbor Workers’ Compensation Act (US Code, tit 33, § 901 et seq.), was originally enacted in 1927. It gave an injured longshoreman the right to choose between the certain recovery of limited compensation from his employer without proof of fault, and the less certain, but unlimited recovery by way of an action for damages against a negligent third party. Originally, if the employee accepted a compensation award from his employer he was barred from bringing a third-party action. Because this blanket limitation was perceived to “work grave injustice” upon an employee ignorant of his rights (HR Rep No. 1945, 75th Cong 3rd Sess 9 [1938]), Congress amended the statute in 1938 to bar third-party recovery only if the compensation award was made *242 pursuant to “a compensation order filed by the deputy commissioner” (US Code, tit 33, § 933, subd [b]). The acceptance of such an award operated as an immediate assignment to the employer of the longshoremen’s action for negligence against the ship owner.
Even this amendment was found too restrictive of the longshoremen’s rights by subsequent court decisions. In a series of cases beginning with Czaplicki v Hoegh Silvercloud (351 US 525), the courts evolved a doctrine whereby, despite the clear language of the statute mandating an assignment of the claim to the employer after an award, the longshoreman was permitted to enforce the third-party claim in his own name if he was perceived to have a conflict of interest with his employer. (See, e.g., Czaplicki v Hoegh Silvercloud, supra; Ryan Co. v Pan-Atlantic Corp., 350 US 124; Johnson v Sword Line, 257 F2d 541.) Eventually, “a conflict of interest could be presumed to exist whenever the statutory assignee failed to pursue or to reassign the assigned claim, unless that claim was obviously lacking in merit.” (Rodriguez v Compass Shipping Co., 451 US 596, 608.) This judicial dilution of the mandatory assignment portion of the statute led Congress to a further attempt to resolve the various interests by a new amendment to the statute. In 1959 the present statute was enacted. It provides, in relevant part: “Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner or Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award.” (US Code, tit 33, § 933, subd [b]; emphasis added.)
The effect of this amendment was to give the longshoremen an unqualified and exclusive right to bring a third-party action for six months after acceptance of an award. This meant that “[i]f his financial circumstances made it imperative that he accept a prompt settlement of his compensation claim, he could do so without forfeiting his right to seek a more liberal recovery from a responsible third party. Moreover, by bringing his own action, the longshoreman could avoid the risk that his employer’s potential conflict of *243 interest — or possibly erroneous evaluation of the merits of the claim — might result in its abandonment” (Rodriguez v Compass Shipping Co., 451 US 596, 611, supra).
In the instant case, none of this congressional protection was originally utilized or needed by the plaintiff. His injury occurred on May 19, 1979, and he commenced an action against his employer and Cove Shipping, Inc., the entity he believed to be the ship owner, on July 8, 1980! (This was over a year before plaintiff accepted a compensation award on August 5,1981.) In September of 1980, Cove Shipping, Inc., served an answer denying ownership of the vessel. Upon receipt of this answer, plaintiff’s attorney telephoned the attorney for Cove Shipping, Inc., and was informed that Cove Shipping, Inc., was only the agent for the vessel in question and not the owner. Plaintiff immediately served a discovery demand upon Cove Shipping, Inc., requesting the name of its principal, which demand was ignored. Had this discovery demand been responded to in the time required by law (CPLR 3120), plaintiff would have been able to bring suit against the actual owner prior to his acceptance of the compensation award on August 5, 1981.
Lacking such response, plaintiff did not discover the name of the actual owner until shortly before May 13, 1982, at which time he served the owner, Cove Ships, Inc., with a summons and complaint. Since this service was concededly more than six months after the acceptance of the award it is now Cove Ships, Inc.’s, claim that plaintiff is barred by the Longshoremen’s Compensation Act from bringing this action. This claim is an obvious distortion of the purposes of the compensation act as heretofore discussed. The act was designed to bar suits only when it was clear that a longshoreman was not interested in bringing a third-party action either before, during, or within, six months of acceptance of a compensation award. Here, the plaintiff did more than indicate a desire to pursue his third-party claim during each of these periods. He was prevented from naming the correct party in the action by the party agent’s failure to comply with the law. At best, the compensation act acts as an extra Statute of Limitations against the longshoremen, which type of statute is *244 always subject to waiver or estoppel principles (Hover v Claverack Grange No. 934, 46 Misc 2d 113). The above circumstances clearly dictate the application of such principles. Additionally, it may well be that plaintiff acquired jurisdiction over Cove Ships, Inc., when he served Cove Shipping, Inc., its agent, with process. (See, e.g., Richardson v Millard, 58 Misc 2d 502, affd 33 AD2d 944; Pinto v House, 79 AD2d 361, 365; Fiorella v Buffalo Park Lane Rest., 49 Misc 2d 518; but see Connell v Hayden, 83 AD2d 30.)
For all of these reasons, I hold that plaintiff is not barred from pursuing this action by the Longshoremen’s Compensation Act, and defendant’s motion to dismiss is accordingly denied.