■ HAROLD PROPERTIES CORP. et al., Respondents, v JACQUELINE FRANKEL, Appellant. — Order, Supreme Court, New York County (Rubin, J.), entered September 9, 1982, denying motion by defendant tenant to dismiss the complaint seeking declaratory, injunctive and related relief, unanimously reversed, on the law, with costs, to declare that a certain lease entered into between the tenant and a predecessor landlord was not invalid as unconscionable and did not constitute waste, and the complaint is dismissed. In this action by plaintiffs, the present landlords of a certain residential building, seeking declaratory, injunctive and related relief, it is alleged that in 1970 the tenant entered into a lease with a predecessor landlord, subsequently renewed, providing for rent in a sum significantly below that which would be appropriate for the apartment. It is further alleged the tenant made, apparently with the consent of the predecessor landlord, extensive alterations of a kind that would not normally be permitted, some of which have resulted in violations upon the premises issued by the municipal authorities, which the tenant has failed to remedy. The tenant's husband was a general partner of the predecessor landlord. The plaintiffs seek a declaration that the lease entered into between the tenant and the predecessor landlord is invalid as unconscionable and constituting a waste of the property, an injunction requiring defendant to remedy those conditions which have resulted in violations, and the payment of certain rental payments in addition to those provided for under the lease. Special Term denied defendant's motion to dismiss the complaint. We disagree, and accordingly reverse the order entered in Special Term, declare the lease in question not invalid as unconscionable or as constituting a waste, and dismiss the complaint. We find nothing in the doctrine of unconscionability that prohibits a landlord, one of whose principals is related to a tenant, to enter into a lease providing for rental payments below that which could be commanded in the market. The fact that these arrangements, and the accompanying permission to make alterations in the apartment, represent an economic disadvantage to a subsequent landlord does not make invalid that which was originally lawful. As to the violations allegedly arising from some of the tenant's alterations, we are not persuaded under the circumstances presented that eviction proceedings in the Housing Part of the Civil Court would not constitute an adequate, and more appropriate, legal remedy. In dismissing the complaint, we of course do so without prejudice to the plaintiffs pursuing such remedy. Concur — Sandler, J. P., Carro, Silverman, Fein and Kassal, JJ.

■ In the Matter of MORRIS LIEBMAN, an Attorney. — Respondent directed to show cause, as indicated in the order of this court, why a final order of suspension, censure or removal from office should not be made and, pending final determination of the petition respondent is suspended from practice as an attorney and counselor at law in the State of New York effective immediately and until the further order of this court. Concur — Kupferman, J. P., Sandler, Asch, Milonas and Kassal, JJ.