■ SOLON AUTOMATED SERVICES, INC., Respondent-Appellant, v EASTWOOD MANAGEMENT CORP., Doing Business as ELLISON PARK ENTERPRISES, Appellant-Respondent. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: The complaint in this action alleges that the plaintiff, a supplier of laundry equipment, entered into a "Lease Agreement" with the former owner of an apartment project for the purpose of installing and maintaining laundry equipment upon the leased property for use by the occupants of the apartments; that thereafter, defendant purchased the apartment project and unilaterally canceled the "Lease Agreement." Defendant moved to dismiss the complaint on the grounds that the complaint fails to state a cause of action and that defendant has a defense founded upon documentary evidence. Plaintiff cross-moved for summary judgment in its favor. Special Term denied both motions and we affirm. The defendant's argument, that the "Lease Agreement", on its face, is not a lease because the tenant is not given exclusive occupancy as against the landlord, is without merit. The fact that, as here, an owner of premises agrees to provide cleaning and janitorial services to the occupant, does not negate the existence of a lease (*Matter of Mobil Oil Corp. v Finance Administrator of City of N. Y.,* 58 NY2d 95). Also without merit is defendant's argument that the description of the "demised" premises is not sufficient to support a grant of an interest in real property. "A description of land is deemed certain if it may be made certain, and extrinsic evidence is generally admissible for such purpose" (1 NY Jur 2d, Adjoining Landowners, § 155). On the trial, the plaintiff may introduce extrinsic evidence to explain and make certain the description of the leased property. We also agree with Special Term that questions of fact exist precluding a grant of summary judgment to the plaintiff. Special Term, however, improperly canceled the notice of pendency (CPLR 6501) and improperly required the defendant, a foreign corporation authorized to do business in this State, to post security for costs (CPLR 8501, subd [a]). The order appealed from is modified, therefore, by reversing those parts granting defendant's motions to cancel the notice of pendency and to compel plaintiff to post security for costs, and those motions are denied. (Appeals from order of Supreme Court, Monroe County, Conway, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.