(November 18, 1986)

RUTH B. ALBILIA, Respondent, v HILLCREST GENERAL HOS-

PITAL, Defendant, and NACHMAN ROSENFELD, M. D., P. C., Appellant.

On this record, we agree with the Special Referee's finding that service of a copy of the summons and complaint upon "Ms. West", a receptionist at the professional building at which Dr. Rosenfeld rented space, constituted delivery to a person of suitable age and discretion (CPLR 308 [2]). Plaintiff's counsel also mailed a copy of the summons and complaint to the doctor's residence. Thus, personal jurisdiction was obtained over Dr. Rosenfeld individually. That the caption of the summons and complaint identified the defendant as Dr. Rosenfeld, M. D., P. C., only is not fatal in sustaining jurisdiction over Dr. Rosenfeld individually, since it is obvious from a reading of the complaint that plaintiff intended to make Dr. Rosenfeld a party in his individual capacity and that "the process fairly apprised [him] that plaintiff intended to seek a judgment against [him]" (Connell v Hayden, 83 AD2d 30, 37; CPLR 305 [c]). We deem the caption of the summons and complaint to be amended accordingly, and note that we have the power to correct, sua sponte, any defect, provided any substantial right of a party is not prejudiced. (CPLR 2001.) Inasmuch as Dr. Rosenfeld was aware all along of the complaint, and his potential liability, we do not perceive any obstacle to invoking this section. Jurisdiction over the professional corporation, however, was not obtained since Ms. West, concededly, is not "an officer, director, managing or general agent, or cashier or assistant cashier or * * * any other agent authorized by appointment or by law to receive service" as required by CPLR 311 (1). Nor, for purposes of effecting service upon the professional corporation, was process delivered to any other statutorily recognized agent. Concur—Murphy, P. J., Sandler, Sullivan, Rosenberger and Wallach, JJ.