■ Petros Anastasiou, Appellant, v Fulton Street Pub, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Oppido, J.), dated July 25, 1986, which granted the defendant's motion to dismiss the complaint to the extent of directing that a hearing be held, and which denied, without prejudice to renewal after the hearing, the plaintiff's cross motion to amend the caption of the action; (2) from a decision of the same court, dated October 31, 1986, which, after the hearing, granted the defendant's motion to dismiss the complaint, and (3) from an order and judgment (one paper) of the same court, dated December 1, 1986, which, *inter alia,* granted the defendant's motion to dismiss the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision; and it is further,

Ordered that the order and judgment is reversed, on the law, the motion to dismiss the complaint is denied, the complaint is reinstated, and the plaintiff's cross motion to amend the caption of the action is granted; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39

NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

By complaint dated November 11, 1982, the plaintiff sought to recover damages for injuries allegedly sustained on September 30, 1982, in the Fulton Street Pub. Fulton Street Pub is the trade name of M & P Tavern, Inc., which does business at 123 Fulton Street, Farmingdale, New York. The complaint named only the Fulton Street Pub as a defendant. The summons and complaint were served on the Pub on November 29, 1982. Service was made upon Seth Krasnow.

Issue was joined by the defendant on January 13, 1983. The introductory paragraph of the answer states, *inter alia,* "the defendant, FULTON STREET PUB, sued herein incorrectly". The only affirmative defense contained in the answer referred to the culpable conduct of the plaintiff.

The parties proceeded to discovery, and by May 30, 1986, a jury had been fully selected. By notice of motion dated June 13, 1986, however, the defendant moved to dismiss the complaint "pursuant to CPLR * * * 3211" on the ground that the plaintiff had "failed to join a necessary party, to wit, MP Tavern, Inc." The plaintiff cross-moved to amend the caption of the action to correct the name of the defendant to M & P Tavern, Inc., doing business as Fulton Street Pub.

The court treated the defendant's motion as one challenging personal jurisdiction over it on two separate grounds: (1) that Fulton Street Pub was a trade name which had no separate jural existence and could not be sued independently of its owner, and (2) that Seth Krasnow could not accept service of process for M & P Tavern, Inc., pursuant to CPLR 311 (1). The court further held that these jurisdictional challenges were not waived by the defendant. It is with this latter determination of the court that we disagree.

The jurisdictional challenges raised by the defendant are most appropriately preserved by a motion to dismiss the complaint pursuant to CPLR 3211 (a) (8), i.e., "the court has [no] jurisdiction of the person of the defendant". Pursuant to CPLR 3211 (e), the particular jurisdictional challenges raised by the defendant herein must be considered waived if not asserted by way of a motion to dismiss "before service of the responsive pleading is required", or in the responsive pleading itself *(see, Provosty v Hall Hosp.,* 91 AD2d 658, *affd* 59 NY2d 812). The defendant herein did not make any motion to dismiss prior to the service of its answer. Moreover, the

introductory paragraph in the defendant's answer, which merely asserted that defendant was "sued herein incorrectly", did not suffice to effectively assert the jurisdictional challenges in the responsive pleading *(see, Provosty v Hall Hosp., supra;* CPLR 3018 [b]). Accordingly, these jurisdictional challenges were waived by the defendant.

In any event, based on all the circumstances, we conclude that M & P Tavern, Inc. was "fairly apprised" that it was the party intended to be affected by the instant action *(Connell v Hayden,* 83 AD2d 30, 35-36) and that service of process upon Seth Krasnow constituted valid service upon M & P Tavern, Inc. *(see,* CPLR 311 [1]; *Fashion Page v Zurich Ins. Co.,* 50 NY2d 265; *Central Savannah Riv. Area Resource Dev. Agency v White Eagle Intl.,* 110 AD2d 742). Mangano, J. P., Thompson, Lawrence and Eiber JJ., concur.