Regina L. DARBY, as the Administratrix C.T.A. of the Goods, Chattels and Credits of Peter Shelley Zeiler and Regina L. Darby, Individually, Plaintiff,

v.

COMPAGNIE NATIONAL AIR FRANCE d/b/a Air France, a corporation of France, Societe Des Hotels Meridien, d/b/a Meridien Hotels, Inc. and Meridien Copacabana, Defendants.

No. 88 Civ. 7604 (RWS).

United States District Court, S.D. New York.

Sept. 21, 1990.

John DeMaio, New York City, for plaintiff.

Bower & Gardner (Richard P. Broder, of counsel), New York City, for defendants Societe Des Hotels Meridien and Meridien Copacabana.

MEMORANDUM OPINION

SWEET, District Judge.

Plaintiff Regina Darby ("Darby") has moved for default judgment against the "Meridien Copacabana" and "Meridien Ho-

tels, Inc." incorrectly named in the caption as "Societe Des Hotels Meridien, d/b/a Meridien Hotels, Inc." and for intervention of a magistrate to oversee and compel discovery. For the reasons set forth below the default motion is denied with leave to renew after the pleadings have been amended and if these parties do not answer within twenty days of this opinion. The motion for appointment of a magistrate is denied.

*Prior Proceedings*

The underlying facts and proceedings of this case are set forth in detail in the Opinion dated April 13, 1990, 735 F.Supp. 555 (the "Opinion"), familiarity with which is assumed. Darby filed this motion on May 25, 1990 and oral argument was heard on July 20. All papers were considered submitted as of July 23, 1990.

*Facts*

Darby has sued SHM doing business as MHI. Darby refers to SHM as an "alien corporation" duly organized and existing under the laws of France. SHM is a French corporation but MHI is a New York Corporation. Nowhere in the Complaint does Darby specify MHI as a distinct entity organized under the laws of the State of New York. Darby, however, effected service on both corporations properly.

Darby's complaint also names the Meridien Copacabana as a party defendant in the lawsuit. The named party, however, has no legal status or identity. The name "Meridien Copacabana" is the product of a contract between the owner, Sisal–Rio hotels and SHM as the prior jurisdiction motion by SHM set forth. It is not a corporation but rather a name for a hotel building located in Rio De Janeiro.

Darby "served" the Copacabana Meridien by service upon the Secretary of State of New York and service upon an alleged "managing agent" of the hotel, accomplished on November 30, 1988. The affidavit of service attached to Darby's papers, however, is illegible in the area of the form which indicates the identity of the person who purportedly received service on behalf of the hotel. The description, title and name of the person cannot be read and Darby has provided no proof that this person was indeed authorized to accept service on behalf of the hotel, or designated as an authorized agent of Sisal for receipt of service.

*Motion for Default Judgment is Denied*

▆▆ MHI was served as if it were a party to this action. It was named in the complaint and had actual notice, based on the nature of the complaint and the dispute over SHM's jurisdiction. Mazzini has admitted in his Affidavit that he is an officer of the corporation and is therefore eligible to receive service on behalf of MHI. *See* McKinney's CPLR 311(1). Accordingly, Darby is entitled to amend its complaint to reflect that MHI is an entity distinct from SHM. *See Albilia v. Hillcrest General Hosp.*, 124 A.D.2d 499, 508 N.Y.S.2d 10 (1986) (incorrect caption not fatal where obvious from reading complaint that plaintiff intended to make defendant a party); *Fiorella v. Buffalo Park Lane Restaurant, Inc.*, 49 Misc.2d 518, 267 N.Y.S.2d 802 (1966) (court has jurisdiction where service effected upon party plaintiff intended to sue and party fairly apprised that it was party action intended to effect); *Sperry Rand Corp. v. Pyramid Crane Co.*, 19 Misc.2d 916, 195 N.Y.S.2d 507 (1959) (where corporate defendant wrongly named in summons knew that it was served within summons complaint would be amended). Given the defect in the pleadings, however, default judgment would not be appropriate. MHI is directed to answer within twenty days or Darby will be given leave to renew this motion.

▆▆ Likewise, despite the defects in the naming of the Meridien Copacabana, the complaint leaves no doubt that the owner of the Copacabana hotel is intended to be a party to this complaint. Darby will be given leave to amend its pleadings to reflect that the party sued is the owner of the Copacabana hotel—Sisal. The service upon a trade name with no separate jural existence will not bar this suit against Sisal if Sisal was "fairly apprised" of this suit. *See Anastasiou v. Fulton Street Pub*, 133 A.D.2d 796, 520 N.Y.S.2d 178, 180 (S.Ct. App.Div.1987) (based on circumstances,

**356**

owner of trade name fairly apprised that it was party intended to be affected by the action). The Copacabana was served by three different methods—all defective because of the improper naming yet all reasonably calculated to give notice to the true owner. Absent any affidavits from Sisal contesting this question, Darby's motion is denied at this time and Sisal is directed to answer within twenty (20) days.

It is so ordered.