◼ CHARLES A. PAPA et al., Appellants, v ABILIO M. ALMEIDA et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), dated June 27, 1989, which (1) directed that a hearing to determine whether process was properly served be held on a date certain, and (2) in effect, denied those branches of the plaintiffs' motion which sought (a) to rescind a prior decision that stayed the inquest and directed a hearing, and (b) the imposition of sanctions pursuant to CPLR 8303-a.

Ordered that on the court's own motion, the plaintiffs' notice of appeal is treated, in part, as an application for leave to appeal from so much of the court's order as directed that a hearing be held to determine whether process was properly served, the application is referred to Justice Brown, and leave to appeal is granted by Justice Brown *(see,* CPLR 5701 [b] [1]); and it is further,

Ordered that the appeal from so much of the order as denied that branch of the plaintiffs' motion which sought to rescind a prior decision of the court is dismissed, as no appeal lies from an order denying reargument of a decision; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which directed that a hearing be held to determine whether process was properly served be held; as so modified, the order is affirmed insofar as reviewed, and the matter is remitted to the Supreme Court, Nassau County for an inquest; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The defendants Albilio M. Almeida and Liberty Ashes & Rubbish Co., Inc., waived the defense of lack of personal jurisdiction by failing to move to dismiss the complaint on that basis *(see,* CPLR 3211 [a] [8]) and failing to assert that defense in their answer *(see,* CPLR 3211 [e]; *Anastasiou v Fulton St. Pub,* 133 AD2d 796). Thus, the Supreme Court erred in granting the request for a hearing to determine whether process was properly served.

The Supreme Court did not err, however, in denying the plaintiffs' request for sanctions made pursuant to CPLR 8303-a, as the allegations made in support of that application do

not establish that the conduct complained of was frivolous. We note that the plaintiffs are entitled to submit evidence on the issue of sanctions at the inquest by virtue of Justice Robbins's order of April 25, 1989, and that the conduct alleged to be frivolous with respect to that order differs from the conduct that we now find does not rise to the level of frivolity. Brown, J. P., Balletta, Rosenblatt and Ritter, JJ., concur.