■ COINMACH CORPORATION, Respondent, v HARTON ASSOCIATES, Appellant. [758 NYS2d 388] —In an action, inter alia, to enjoin the defendant from removing, disconnecting, or replacing the plaintiff's laundry equipment, the defendant appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered July 9, 2002, which granted the plaintiff's motion for preliminary injunctive relief.

Ordered that the order is affirmed, with costs.

The agreement between the plaintiff and the defendant was a lease rather than a license. It contained a description of the specific premises to be occupied by plaintiff, specified the amount of rent to be paid, and provided for the plaintiff's exclusive use and occupancy for a fixed period of time (*see Hi-Rise Laundry Equip. Corp. v Matrix Props.*, 96 AD2d 930 [1983]). In fact, in the agreement, the defendant expressly recognized the agreement as a lease, and agreed to "insure the legal rights afforded to such instrument as concerns any conveyance, sale or transfer of the property" (*Hi-Rise Laundry Equip. Corp. v Matrix Props.*, *supra* at 930 [internal quotation marks omitted]). Clearly, the language of the agreement establishes that the parties intended that it be a lease (*see Hi-Rise Laundry Equip. Corp. v Matrix Props.*, *supra*; *see also Slamow v Del Col,* 174 AD2d 725 [1991], *affd* 79 NY2d 1016 [1992]). Since this Court maintains a policy of favoring the maintenance of the status quo pending the outcome of a landlord-tenant dispute, the Supreme Court properly granted the plaintiff injunctive relief (*see Times Sq. Stores Corp. v Bernice Realty Co.,* 107 AD2d 677 [1985]; *Da Costa's Automotive v Birchwood Plaza Shell,* 106 AD2d 484 [1984]).

The defendant's contention that General Obligations Law § 5-903 applies to leases is unavailing, since the statute deals with automatic renewal provisions in contracts for service, maintenance, or repair (*see Telephone Secretarial Serv. v Sherman,* 28 AD2d 1010, 1011 [1967]), not lease renewals.

The defendant's remaining contentions are without merit. Feuerstein, J.P., Smith, H. Miller and Townes, JJ., concur.