■ UNIQUE LAUNDRY CORP., Appellant, v HUDSON PARK NY LLC et al., Respondents. [865 NYS2d 203]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered February 22, 2008, which denied plaintiff's motion to amend the caption and, upon reconsideration, adhered to a prior order denying plaintiff's motion for a preliminary injunction, unanimously reversed, on the law and the facts, with costs, both motions granted, and defendants enjoined from removing plaintiff's property from the premises during the pendency of this action. Appeal from order, same court and Justice, entered September 18, 2007, which, inter alia, denied the preliminary injunction, unanimously dismissed, without costs, as academic in light of the foregoing.

Plaintiff is actually registered with the New York State Department of State as "Unique Laundry Service, Inc." It should have been permitted to amend the caption to correct its name (see CPLR 2001; Cutting Edge v Santora, 4 AD3d 867 [2004]).

Plaintiff's motion for a preliminary injunction should also have been granted. Defendants' argument that the contract between plaintiff and nonparty Shaya B. West LLC is void is unavailing. Even if it is unduly favorable to plaintiff, it is not invalid as unconscionable (see Harold Props. Corp. v Frankel, 93 AD2d 720 [1983], mod on other grounds and otherwise affd 60 NY2d 977 [1983]). The fact that the signature block on the contract calls plaintiff "Unique Laundry Corp." and that plaintiff failed to file a certificate that it was doing business under that name (General Business Law § 130 [1] [b]) does not prevent plaintiff from recovering, absent any evidence that it intended to defraud (see e.g. Cohen v OrthoNet N.Y. IPA, Inc., 19 AD3d 261 [2005]; Grand Cent. Art Galleries v Milstein, 89 AD2d

178, 181-182 [1982]). We note that "Unique Laundry Service" appears at the head of the contract. In any event, defendant Hudson (the current ground lessee) lacks standing to argue that the contract between plaintiff and Shaya (the previous ground lessee) violated the ground lease. There is no evidence that the ground lessor is threatening to terminate its lease with Hudson on the basis that Hudson is honoring a contract in violation of the ground lease. Even if Hudson had standing, and even if Shaya acted ultra vires by entering into the contract with plaintiff, the contract would not be void (*see 711 Kings Highway Corp. v F.I.M.'s Mar. Repair Serv.*, 51 Misc 2d 373 [1966]; 5 Lord, Williston on Contracts § 11:10, at 518-521 [4th ed]).

The contract between plaintiff and Shaya runs for 18 years and purports to create an interest in real property, but it was not recorded. Therefore, regardless of whether it is a lease, easement, or license (*see Todd v Krolick*, 62 NY2d 836 [1984]), it is "void as against any person who subsequently purchases or acquires . . . the same real property . . . in good faith and for a valuable consideration" (Real Property Law § 291). However, "a purchaser with prepurchase notice, actual or constructive, of an unrecorded instrument or encumbrance is not a good faith purchaser for value and cannot avail himself or [it]self of the benefits of the recording statutes" (*7 Vestry LLC v Department of Fin. of City of N.Y.*, 22 AD3d 174, 184 [2005]). Defendant Wiener (a member of defendant Hudson) handwrote "except for the laundry lease" on the assignment of leases and rents, so he clearly had notice of the contract between plaintiff and Shaya. While defendants assert that they had notice "as of or just prior to the date of closing but after the contract of sale had been fully executed," plaintiff has made a prima facie case sufficient for a preliminary injunction. As the action proceeds, the parties can develop exactly when defendants had notice of the laundry room contract (*see Terrell v Terrell*, 279 AD2d 301 [2001]).

Plaintiff made a sufficient showing that the laundry room contract was a lease as opposed to a license. While not *determinative* (*see e.g. Linro Equip. Corp. v Westage Tower Assoc.*, 233 AD2d 824, 826 [1996]), the language used in the agreement indicates that plaintiff and Shaya intended it to be a lease (*see e.g. Coinmach Corp. v Harton Assoc.*, 304 AD2d 705 [2003]). Plaintiff had control over the laundry room: it had the only key (until it voluntarily gave a copy to the doorman); the building's superintendent asked plaintiff's permission to install a vending machine in the laundry room (*see e.g. Linro*, 233 AD2d at 826); the agreement specified the amount of rent (*see Coinmach*, 304 AD2d at 706); and the agreement provided that the laundry

machines would be installed in a particular building, and was accompanied by a floor plan indicating the laundry room (*see Solon Automated Servs. v Eastwood Mgt. Corp.*, 94 AD2d 961 [1983]; *but see Sebco Laundry Sys. v Oakwood Terrace Hous. Corp.*, 277 AD2d 303 [2000]).

Defendants' argument that the contract should be construed against plaintiff is unpreserved (*see e.g. Douglas Elliman-Gibbons & Ives v Kellerman*, 172 AD2d 307, 308 [1991], *lv denied* 78 NY2d 856 [1991]). Were we to consider this contention, we would find it unavailing (*see Citibank, N.A. v 666 Fifth Ave. Ltd. Partnership*, 2 AD3d 331 [2003]).

Plaintiff satisfied the irreparable injury requirement for preliminary injunctive relief by explaining why it would become insolvent if denied (*see Polner v Arling Realty Inc.*, 194 Misc 598, 600-601 [1949]; *and see generally Four Times Sq. Assoc. v Cigna Invs.*, 306 AD2d 4, 6 [2003]). Although defendant Hudson might be able to make more money if it entered into a laundry room contract with one of plaintiff's competitors, defendants do not claim that the status quo causes them financial hardship. Concur—Lippman, P.J., Andrias, Buckley, Sweeny and Renwick, JJ.