Bldg 44 Devs. LLC v Pace Cos. N.Y., LLC (2023 NY Slip Op 00483)

Bldg 44 Devs. LLC v Pace Cos. N.Y., LLC

2023 NY Slip Op 00483

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Pitt-Burke, JJ. 

Index No. 595631/20 650390/20 Appeal No. 17238 Case No. 2022-00476 

[*1]Bldg 44 Developers LLC, Plaintiff,
v
The Pace Companies New York, LLC Doing Business as The Pace Companies, Defendant.
The Pace Companies New York, LLC Doing Business as The Pace Companies, Third-Party Plaintiff-Appellant,
v
Noble Construction Group, LLC, et al., Third-Party Defendants, Automated Logic Corporation, et al., Third-Party Defendants-Respondents.

Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York (Robert A. Banner of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for Automated Logic Corporation, respondent.
Polsinelli PC, New York (Aaron E. Zerykier of counsel), for Elite Consulting Systems Corp. and Premier Insulation Services Corp., respondents.

Amended Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about December 27, 2021, which, to the extent appealed from as limited by the briefs, granted the motions of third-party defendants Automated Logic Corporation (Automated) and Elite Consulting Systems Corp. (Elite) to dismiss the amended third-party complaint as against them for lack of standing under Section 130 of the New York General Business Law, unanimously reversed, on the law, with costs, and the amended third-party complaint reinstated against Automated and Elite.
Third-party plaintiff The Pace Companies New York, LLC's (Pace) use of the unregistered assumed name of "Pace Mechanical Inc." on the initial purchase orders did not warrant dismissal of its claims against Automated and Elite. Under similar circumstances, this Court did not dismiss claims where an unregistered assumed name was used in a transaction, the properly-registered name was disclosed, and there was no intent to defraud (see e.g. Unique Laundry Corp. v Hudson Park N.Y. LLC, 55 AD3d 382, 382-383 [1st Dept 2008]). The Unique Laundry Court also did not require the plaintiff to cure its defect through the filing of a properly-registered assumed name; indeed, the plaintiff could not have done so, as the corporate identifier in its unregistered assumed name would have prevented it from filing the proper certificate (19 NYCRR 156.4[c]; compare Robert v Ringerjeans, LLC, 165 AD3d 609, 610 [1st Dept 2018]). This case warrants the same result.
While the unregistered assumed name of "Pace Mechanical Corp." appeared on the initial purchase orders, Pace's properly-registered assumed name of "The Pace Companies" also appeared on the face of the purchase orders, as well as in further discussions and transactions between the parties. Indeed, despite their present claims of confusion, Automated and Elite requested payment from "The Pace Companies" and cashed checks amounting to hundreds of thousands of dollars from "The Pace Companies." The only time the name "Pace Mechanical Corp." appears to have been reflected on any document was on the letterhead and signature blocks of the original purchase orders. Automated and Elite have never stated or argued that they were unaware of Pace's true identity or that they were somehow defrauded or harmed by Pace's incorrect use of the name "Pace Mechanical Corp."
Furthermore, the purchase orders were modified and supplemented by several change orders that clearly identified Pace by its proper name and referenced the underlying purchase order numbers. Thus, as modifications of the original purchase orders, the change orders were part and parcel of the parties' contracts, superseding the original purchase orders and reflecting that Elite and Automated had contracted with the proper corporate entity. While the change orders are not mentioned in the third-party amended complaint, the court should have considered them, as they were submitted by affidavit to supplement the [*2]pleading (Mulder v Donaldson, Lufkin & Jenrette, 208 AD2d 301, 307 [1st Dept 1995]).
Ringerjeans, relied upon by the motion court, does not compel a different result (165 AD3d at 609-610). Unlike in Ringerjeans, Pace's unregistered assumed name "Pace Mechanical Corp." was only used at the inception of the parties' relationship and does not appear to have been used again throughout the parties' course of dealing. In this case there can be little doubt that the purpose of the statute, to prevent deception and confusion, was achieved through the transaction itself.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023