**KTB CRE Real Estate Debt Fund No. 11 v Rosen**

2024 NY Slip Op 32663(U)

July 31, 2024

Supreme Court, New York County

Docket Number: Index No. 652332/2024, 652772/2024

Judge: Rathod Anar Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

-----------------------------------------------------------------------X

KTB CRE REAL ESTATE DEBT FUND NO. 11, IN ITS CAPACITY AS FACILITY AGENT AND LENDER, KTB CRE REAL ESTATE DEBT FUND NO. 12, IN ITS CAPACITY AS FACILITY AGENT AND LENDER

|  |  |
|---|---|
| **INDEX NOS.** | 652332/2024, 652772/2024 |
| **MOTION DATES** | 07/09/2024, 07/08/2024 |
| **MOTION SEQ. NOS.** | 002, 002 |

Plaintiffs,

- v -

ABY ROSEN, MICHAEL FUCHS,

Defendants.

**DECISION + ORDER ON MOTIONS**

-----------------------------------------------------------------------X

**HON. ANAR RATHOD PATEL**:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53 were read on Plaintiffs' motion to/for AMEND CAPTION/PLEADINGS and Defendants' cross-motion to/for CONSOLIDATE (Index No. 652332/2024).

The following e-filed documents, listed by NYSCEF document number (Motion 002) 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37 were read on Plaintiffs' motion to/for AMEND CAPTION/PLEADINGS and Defendants' cross-motion to/for CONSOLIDATE (Index No. 652772/2024).

### Relevant Factual and Procedural History

These related cases arise from two loan agreements by and between Plaintiffs (Lenders) and Defendants (Guarantors).  The case caption for both cases is identical.  On May 6, 2024, Plaintiffs commenced the first action with the filing of a Summons and Motion for Summary Judgment in Lieu of Complaint, Index No. 652332/2024 (hereinafter "KTB A").  NYSCEF Doc. Nos. 1A[1] (Summons), 2A–17A (Motion Seq. No. 1).  On May 29, 2024, Plaintiffs commenced the second, related action with the filing of the Summons and Motion for Summary Judgment in Lieu of Complaint, Index No. 652772/2024 (hereinafter "KTB B").  NYSCEF Doc. Nos. 1B (Summons), 2B–20B (Mot. Seq. No. 1).

---

[1] This Decision and Order denotes NYSCEF document numbers filed in Index 652332/2024 with "A" and in Index 652772/2024 with "B."

**652332/2024  KTB CRE REAL ESTATE DEBT FUND NO. 11, IN ITS CAPACITY AS FACILITY AGENT AND LENDER ET AL vs. ROSEN, ABY ET AL**
**Motion No.  002**

**Page 1 of 5**

**652772/2024  KTB CRE REAL ESTATE DEBT FUND NO. 11, IN ITS CAPACITY AS FACILITY AGENT AND LENDER ET AL vs. ROSEN, ABY ET AL**
**Motion No.  002**

On November 6, 2017, Plaintiff KTB CRE Debt Fund No. 11 (hereinafter "KTB 11"), made a senior mezzanine loan to non-party entity 285 Madison Mezzanine LLC in the amount of $120 million. NYSCEF Doc. No. 46A (Park Aff.); NYSCEF Doc. No. 31B (Park Aff.). Simultaneously, Plaintiff KTB CRE Debt Fund No. 12 (hereinafter "KTB 12") made a junior mezzanine loan to non-party entity 285 Madison Mezzanine 2 LLC in the amount of $85 million. *Id.* Defendants acted, in their respective individual capacities, as guarantors on both loans. *Id.* On November 10, 2022, all parties executed the "First Omnibus Amendment" on both loans. *Id.* The amendments defined the term "Guaranteed Obligations" as "(i) all obligations and liabilities of . . . Borrower pursuant to Section 8.19(b) of the . . . Loan Agreement[s] and (ii) all obligations and liabilities of . . . Borrower in respect of due and unpaid Capitalized Interest, Modification Fees, Special Servicing Fees, Lender Reimbursement Amounts and Interest Reserve Deposit Amounts." NYSCEF Doc. Nos. 7A, 10A; NYSCEF Doc. Nos. 7B, 10B.

On February 12, 2024, 285 Madison Mezzanine LLC and 285 Madison Mezzanine 2 LLC, defaulted under their respective loan agreements by failing to pay certain fees totaling $1,511,909.09. *Id.* Additionally, 285 Madison Mezzanine 2 LLC failed to make monthly interest payments due in March and April 2024. *Id.* On February 29, 2024, KTB 11 sent 285 Madison Mezzanine LLC a demand for payment, but neither Defendants nor 285 Madison Mezzanine LLC made payments on the accounts. *Id.* Then, on May 7, 2024, KTB 12 accelerated the junior loan due to 285 Madison Mezzanine 2 LLC's default. *Id.* KTB 12 demanded that Guarantors pay the Capitalized Interest in the amount of $9,511,584.19 by May 23, 2024. *Id.* Again, neither 285 Madison Mezzanine 2 LLC nor Defendants fulfilled this demand. *Id.*

Pursuant to the Request for Judicial Intervention filed in KTB A on May 6, 2024, the Court directed the parties to appear for a Preliminary Conference on June 18, 2024. NYSCEF Doc. Nos. 18A, (RJI), 21A (Notification of Preliminary Conference). During the June 18 appearance, Defendants informed the Court of the related action, KTB B, and their intention to move to consolidate the actions. NYSCEF Doc. No. 37A (6/18/24 Tr.) at 3. Plaintiffs' counsel admitted that both cases involve the "same lenders, same guaranty, same property, [and the] same guarantors," but that they wanted to understand the defenses proffered before to stipulating to consolidation. *Id.* at 8. Also at the Preliminary Conference, Plaintiffs informed the Court of a typographical error in the case caption and stated their intention to move to amend the caption; Defendants declined to enter such stipulation. *Id.* at 15. Based upon the representations of counsel, the Court recommended that the parties stipulate to consolidate the actions and amend the caption in the interests of efficiency and judicial economy. *Id.* at 15–16.

Despite the Court's clear recommendation and articulated desire to resolve these issues in the interest of judicial economy and efficiency, the parties are unable to stipulate to the relief sought. Accordingly, Plaintiffs' motions to amend the caption and Defendants' cross-motions to consolidate are now before this Court. These motions are procedural in nature and have little, if any, effect on the outcome of litigation. It bears noting that the filing and briefing of these motions suggests an unwillingness to cooperate on behalf of the parties; rather, both parties accuse the other of frivolity and choose to engage in unnecessary delays and motion practice.

**652332/2024  KTB CRE REAL ESTATE DEBT FUND NO. 11, IN ITS CAPACITY AS FACILITY          Page 2 of 5
AGENT AND LENDER ET AL vs. ROSEN, ABY ET AL
Motion No.  002**

**652772/2024  KTB CRE REAL ESTATE DEBT FUND NO. 11, IN ITS CAPACITY AS FACILITY
AGENT AND LENDER ET AL vs. ROSEN, ABY ET AL
Motion No.  002**

[* 2]                                                                2 of 5

## Legal Analysis

*Defendants' Cross-Motions for Consolidation*

Defendants argue that the two actions should be consolidated because the factual and legal issues arise out of the same agreements and involve the same parties. CPLR § 602 provides,

> When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

"Consolidation is generally favored in the interest of judicial economy and ease of decision making where cases present common questions of law and facts." *Raboy v. McCrory Corp.,* 210 A.D.2d 45, 621 N.Y.S.2d 14 (1st Dept. 1994). "When consolidation is proposed, the burden today is on the resisting party to show that it would prejudice him." Siegel, *NY Prac.* § 128, at 228 (5th ed. 2011); *see also Quik Park 808 Garage LLC v. 808 Columbus Com. Owner LLC*, 199 A.D.3d 536, 154 N.Y.S.3d 444 (1st Dept. 2021) (internal citations omitted) ("Provided that the statutory requirements are met, 'great deference is to be accorded to the motion court's discretion' and 'there is a preference for consolidation in the interest of judicial economy … unless the party opposing the motion demonstrates that consolidation will prejudice a substantial right.'")

Defendants seek to consolidate the actions as "both actions will depend on the Court's adjudication of the same factual and legal issues, arising out of the same agreements, involving the same parties. Each Action arises from the same loan documents, same guarantees and alleged defaults on the same day." NYSCEF Doc. No. 50A at 8 (Pls. Mem. of Law). During the Preliminary Conference, Plaintiffs stated that the second action seeks capitalized interest, which was not yet due at the time the first action was filed. NYSCEF Doc. No. 37A at 6–7. To date, Plaintiffs have identified no other difference(s) between the actions. Plaintiffs' only opposition is that Plaintiffs are unaware of Defendants' intended defenses, and they therefore request that the Court "hold off deciding Guarantors' cross motion until after Guarantors file their summary-judgment opposition papers." NYSCEF Doc. 51A at 6 (Pls. Reply Mem. of Law); *see also* NYSCEF Doc. No. 52A at ¶ 2 (Wurtzel Aff.). Plaintiffs articulate no basis—let alone a plausible example—of the different defenses Defendants may raise in each action, and how they would be prejudiced as a result. Rather, they speculate. NYSCEF Doc. No. 52A at ¶ 2 ("we first want to see Guarantor's papers … since it is possible (***though, in our view, unlikely***) that Guarantors could still attempt to raise a defense in one of the Actions, but not the other") (emphasis added).

Plaintiffs have not established any prejudice that may result from consolidation. Plaintiffs' decision to take a wait-and-see approach without any legitimate basis runs contrary to the interest of judicial economy and consistency, as articulated in CPLR § 602. Accordingly, the Court grants Defendants' cross-motions to consolidate the related actions.

652332/2024   KTB CRE REAL ESTATE DEBT FUND NO. 11, IN ITS CAPACITY AS FACILITY AGENT AND LENDER ET AL vs. ROSEN, ABY ET AL
Motion No.  002

Page 3 of 5

652772/2024   KTB CRE REAL ESTATE DEBT FUND NO. 11, IN ITS CAPACITY AS FACILITY AGENT AND LENDER ET AL vs. ROSEN, ABY ET AL
Motion No.  002

3 of 5

[* 3]

*Plaintiffs' Motions to Amend the Caption*

Plaintiffs move pursuant to CPLR § 2001 to amend the caption to correct the entity names of Plaintiffs based upon a mistake and typographical error as follows:  KTB CRE ~~Real Estate~~ Debt Fund No. 11; KTB CRE ~~Real Estate~~ Debt Fund No. 12.  CPLR § 2001 provides that "the court may permit a mistake, omission, defect or irregularity … to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded …."  *See Unique Laundry Corp. v. Hudson Park N.Y. LLC*, 55 A.D.3d 382, 382, 865 N.Y.S.2d 203, 204 (2008) (plaintiff should have been permitted to amend the caption to correct its name).

At the Preliminary Conference, Plaintiffs stated that they had made an error by including the words "Real Estate" in the Plaintiff entities' names in the caption.  NYSCEF Doc. Nos. 37A at 15, 41A at 5 (Defs. Mem of Law).  Plaintiffs submit the Affirmation of Clare Park in support of their motion, stating and correcting the error.  NYSCEF Doc. No. 53A (Park Aff.).  Defendants' singular opposition is that Plaintiffs rely on the affirmations of Ms. Park in support of their motions for summary judgment, and Ms. Park used the incorrect entity names.  NYSCEF Doc. No. 50A at 6–7 ("In other words, the person relied upon to support the two motions for summary judgment, by Plaintiffs' own admission, is not a suitable person to support Plaintiffs' two motions because, based on her Affirmations, she was not an employee of the actual lender or its asset managers.").

Defendants' argument is unavailing as Ms. Park has since corrected her affirmations, and it is apparent that the underlying loan documents and guarantees refer to "KTB CRE Debt Fund No. 11" and "KTB CRE Debt Fund No. 12."  Defendants do not allege any prejudice or surprise preventing this Court from granting leave to amend, nor do they allege that any amendment of the entity names would alter their claims/defenses.  Accordingly, the Court grants Plaintiffs' motions to amend the caption. The Court further deems the caption of the Summons to be amended accordingly. *Albilia v. Hillcrest Gen. Hosp.*, 124 A.D.2d 499, 508 N.Y.S.2d 10, 11 (1986) ("we have the power to correct, *sua sponte,* any defect, provided any substantial right of a party is not prejudiced").

Accordingly, it is hereby

**ORDERED** that Plaintiffs' motions to amend the caption is granted; and it is further

**ORDERED** that Defendants' cross motions to consolidate the actions (Index Nos. 652332/2024 and 652772/2024) is granted; and it is further

**[*INTENTIONALLY LEFT BLANK*]**

**652332/2024   KTB CRE REAL ESTATE DEBT FUND NO. 11, IN ITS CAPACITY AS FACILITY          Page 4 of 5
AGENT AND LENDER ET AL vs. ROSEN, ABY ET AL
Motion No.  002**

**652772/2024   KTB CRE REAL ESTATE DEBT FUND NO. 11, IN ITS CAPACITY AS FACILITY
AGENT AND LENDER ET AL vs. ROSEN, ABY ET AL
Motion No.  002**

**ORDERED** that the consolidation shall take place under Index No. 652332/2024 and the consolidated action shall bear the following amended caption:

| | |
|---|---|
| KTB CRE DEBT FUND NO. 11, in its capacity as facility agent and lender, and KTB CRE DEBT FUND NO. 12, in its capacity as facility agent and lender<br><br>Plaintiffs,<br><br>-against-<br><br>ABY ROSEN, MICHAEL FUCHS,<br><br>Defendants. | Index No.: 653332/2024<br><br>Hon. Anar Rathod Patel |

**ORDERED** that the pleadings in the actions hereby consolidated shall stand as the pleadings in the consolidated action; and it is further

**ORDERED** that, within ten (10) days from entry of this order, movant shall serve a copy of this order with notice of entry on the Clerk of the Court, who shall consolidate the documents in the actions hereby consolidated and shall mark his records to effectuate the consolidation.

| **July 31, 2024** | | _Aft. Patel_ |
|---|---|---|
| **DATE** | | **ANAR RATHOD PATEL, A.J.S.C.** |

| **CHECK ONE:** | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

652332/2024   KTB CRE REAL ESTATE DEBT FUND NO. 11, IN ITS CAPACITY AS FACILITY        **Page 5 of 5**
AGENT AND LENDER ET AL vs. ROSEN, ABY ET AL
Motion No.  002

652772/2024  KTB CRE REAL ESTATE DEBT FUND NO. 11, IN ITS CAPACITY AS FACILITY
AGENT AND LENDER ET AL vs. ROSEN, ABY ET AL
Motion No.  002