S. Garson, LLC v Luck (2026 NY Slip Op 00921)

S. Garson, LLC v Luck

2026 NY Slip Op 00921

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-06749
 (Index No. 60097/22)

[*1]S. Garson, LLC, respondent, 
vJessica Luck, et al., appellants.

Boatti PLLC, Brooklyn, NY (Richard Stephen Boatti of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (Thomas Quiñones, J.), dated May 30, 2024. The order, insofar as appealed from, granted the plaintiff's renewed motion to amend the caption to correct the name of the plaintiff and denied those branches of the defendants' cross-motion which were pursuant to CPLR 3211(a) to dismiss the amended complaint and to require the plaintiff to post a bond as security for costs.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In July 2018, the plaintiff, S. Garson, LLC, as landlord, and the defendants Jessica Luck and Joseph Castillo (hereinafter together the tenants), as tenants, entered into a lease agreement with respect to an apartment located at 500A East 87th Street in Manhattan for a term of one year. In February 2019, the tenants moved out of the apartment after complaining to the landlord about second-hand smoke.
In April 2022, the plaintiff, under the name "SB Garson, LLC," commenced this action against the tenants and another defendant (hereinafter collectively the defendants) to recover damages for breach of contract and related costs and fees. The plaintiff, which was actually named "S. Garson, LLC," subsequently made a renewed motion to amend the caption to correct its name. The defendants cross-moved, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint and to require the plaintiff to post a bond as security for costs. In an order dated May 30, 2024, the Supreme Court, among other things, granted the plaintiff's motion and denied those branches of the defendants' cross-motion. The defendants appeal.
Where the right party plaintiff is in court but under a defective name or title as party plaintiff, an amendment correcting the title is permissible (see Glanz v Parkway Kosher Caterers, 176 AD3d 686, 687). "CPLR 2001 permits a court, at any stage of an action, to disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced, and CPLR 5019(a) gives trial and appellate courts the discretion to cure mistakes, defects and irregularities that do not affect substantial rights of parties" (id. at 687-688 [citations and internal quotation marks omitted]).
Here, the Supreme Court providently exercised its discretion in granting the plaintiff's [*2]renewed motion to amend the caption to correct its name (see id.). Contrary to the defendants' contention, the plaintiff was not required to demonstrate a reasonable justification for its failure to submit an affidavit of its managing member on a prior motion it had made, as the relevant branch of that prior motion was denied with leave to renew (see Smith v Realty on Fox Croft Corp., 233 AD3d 908, 909). Inasmuch as the limited proposed correction was clearly described in the moving papers, the plaintiff's failure to submit a new copy of its proposed amended complaint did not prejudice the defendants (see CPLR 2001; Putrelo Constr. Co. v Town of Marcy, 137 AD3d 1591, 1592; Medina v City of New York, 134 AD3d 433, 433). Moreover, a substantial right of the defendants was not prejudiced by the typographical error of the plaintiff's name in the caption.
Since it is undisputed that the plaintiff is a foreign limited liability company authorized to do business in New York, the Supreme Court properly denied dismissal of the amended complaint pursuant to CPLR 3211(a) on the ground that the plaintiff lacked capacity to sue and properly denied that branch of the defendant's cross-motion which was to require the plaintiff to post a bond as security for costs (see Limited Liability Company Law § 808[a]; CPLR 8501[a];
1S REO Opportunity 1, LLC v Harlem Premier Residence, LLC, 234 AD3d 401, 402-403; Solon Automated Servs. v Eastwood Mgt. Corp., 94 AD2d 961, 961).
"'On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Rosas v Morales, 235 AD3d 678, 679, quoting Jesberger v CVS Health Solutions, LLC, 222 AD3d 849, 849). "Further, 'where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact as all and unless it can be said that no significant dispute exists regarding it'" (id., quoting Matter of Chet's Garage, Inc. v Village of Goshen, 161 AD3d 727, 731). "A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Katsorhis v 718 W. Beech St, LLC, 234 AD3d 744, 746).
Here, accepting the allegations in the amended complaint as true, as supplemented by the affidavit submitted in opposition to the defendants' cross-motion, and according the plaintiff the benefit of every possible favorable inference, the plaintiff alleged facts sufficient to state causes of action to recover damages for breach of contract and related costs and fees (see Guido v Orange Regional Med. Ctr., 102 AD3d 828, 832). Since the defendants were able to identify "the correct apartment," the apparent typographical error in the proposed amended complaint identifying the subject property as "SOOA East 87th Street" was sufficient to give the Supreme Court and the parties notice of the occurrences at issue (see CPLR 3013, 3026). Contrary to the defendants' further contention, the lease identifying the plaintiff as landlord and the record conveying the property to an alleged affiliate of the plaintiff did not conclusively establish that the parties' lease agreement was a nullity (cf. H.B.A. Realty Co. v Miller, 14 AD2d 607, 607). Furthermore, Real Property Law § 238-a(2) does not require dismissal of the plaintiff's cause of action to recover late fees. Accordingly, the Supreme Court properly denied dismissal of the amended complaint pursuant to CPLR 3211(a)(1) and (7).
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court