(3 App. Div. 452.)

## WILEY v. GOODSELL.

(Supreme Court, Appellate Division, First Department.   April 10, 1896.)

1. ASSUMPSIT—SERVICES RENDERED—IMPLIED CONTRACT FOR COMPENSATION.
    In an action to recover on a quantum meruit for services rendered, it appeared that defendant, on account of sickness, was in need of some one to conduct his business, and that plaintiff, under a request from defendant's brother-in-law, assumed charge of the business during defendant's sickness, defendant executing to him powers of attorney to sign, accept, and indorse all checks, notes, and drafts.   *Held*, that a finding that the services were rendered under an implied contract for compensation was warranted.

2. SAME—HARMLESS ERROR.
    The fact that the referee erred in determining that plaintiff did not render any material services before delivery of the powers of attorney was not prejudicial to defendant.

3. SAME—HARMLESS ERROR.
    Where the amount allowed by the referee for the services was not excessive in any view of the case, error in regard to the amount of profits earned for defendant in the business was not prejudicial to defendant.

4. SAME—COMPENSATION—EVIDENCE.
    Evidence as to the amount of profits earned by plaintiff in his own business while attending to defendant's business was immaterial.

5. ARBITRATION—BREACH—PLEADING—ANSWER.
    Where, in an action for damages for breach of a contract to arbitrate, defendant, in his answer, merely questions the amount of the damages, without denying the breach on his part, evidence to show a breach on plaintiff's part is properly excluded.

6. WITNESS—EXAMINATION.
    A party who cross-examines an adverse party as to a collateral matter cannot introduce evidence to contradict the testimony given on the cross-examination.

Appeal from judgment on report of referee.

Action by William H. Wiley against Edward L. Goodsell.   From a judgment for plaintiff, entered on the report of a referee, defendant appeals.   Affirmed.

The action is upon a quantum meruit for services rendered in the conduct of defendant's business for a period of two months subsequent to October 30, 1890, and also for damages for breach of an agreement to arbitrate.   The testimony shows that in the latter part of October, 1890, the defendant, becoming sick and ill, required some one to take charge of the financial part of his auction and commission business; and a request to take such charge, through one Millbank, a brother-in-law of the defendant, was made upon the plaintiff, who was engaged in a somewhat similar business, and to that extent familiar with it, and who prior to that time had assisted the defendant. The plaintiff having consented, defendant executed four powers of attorney to plaintiff, which were delivered to him by Millbank, and the plaintiff thereupon entered upon the employment.   These powers of attorney were lodged with the different banks with which the defendant did business.   Three of them gave him the right to "sign, accept, and indorse all checks, notes, and drafts," and the fourth, lodged with the Seaboard Bank, gave him a wider range of authority.   While there is a dispute as to Millbank's authority to make the request or to employ the plaintiff, there is no question as to the execution of the powers of attorney, and that the plaintiff did in fact take complete charge and supervision of the business during the defendant's sickness, and for two months, during a portion of which time there was financial stringency, he managed the finances, raised by loan and otherwise, and paid out large sums of money, amounting to nearly $800,000, in the conduct of the business.   For these services compensation is claimed.   A dispute as to the

amount of such compensation having arisen, the parties undertook to arrange it by arbitration, but the defendant afterwards revoked the submission, incurring, as claimed, a liability under section 2384 of the Code of Civil Procedure for the expenses thereof.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Rollin M. Morgan, for appellant.

E. M. Wight, for respondent.

O'BRIEN, J. The defendant assails the plaintiff's right to any compensation for the services rendered upon the grounds that he did not employ the plaintiff, that the services were voluntary, that they were of no benefit, and that the relations between the parties did not raise an implied contract of employment. It is true that there was no actual agreement for compensation, but the evidence fully sustains the referee's conclusion that the services were neither voluntary nor gratuitous, but were rendered at the request of, and were valuable to, the defendant. As said in Smith v. Railroad Co., 102 N. Y. at page 192, 6 N. E. 397:

"These circumstances prima facie raise an implied obligation on the part of the defendant to make compensation, and in order to rebut the implication there should be clear evidence that the services were to be gratuitous. The burden was upon the defendant to establish this defense. It is not claimed that there was an express agreement or understanding with the plaintiff that he was to serve without compensation."

Finding, as we do, that the conclusions of the referee upon the disputed questions of fact are supported by the evidence, this case in principle is controlling. The contention that the services were unnecessary is remarkable, in the face of the view entertained by the defendant himself, which induced him to execute in plaintiff's favor the four powers of attorney. And the claim that damage instead of benefit resulted from such services is shown by the referee to be equally without merit. As to the amount awarded, this, upon disputed testimony, was clearly within the province of the referee; and, as it cannot be regarded as excessive, it should not be disturbed.

It is insisted that the referee erred in determining that the plaintiff did not render any material services before the execution and delivery of the powers of attorney. But we fail to see how the defendant was injured by this, its only bearing being upon the question whether the services rendered before the powers of attorney were delivered (for which no compensation was claimed) were the same as those thereafter rendered. Equally harmless was the error into which it is claimed the referee fell in confusing the word "commissions" with the word "profits," and from this deducing the conclusion that the testimony was not accurate as to such profits. Undoubtedly the amount of profits would have a bearing upon the question of compensation to be paid for the services rendered in making them, but for the reason already stated—that the amount awarded for such services, in any aspect to be taken of the testimony, was not excessive—the defendant cannot legally complain.

This leaves but one or two rulings upon evidence, which may be briefly noticed. The defendant sought to examine the plaintiff as

to the amount of sales and earnings of his (plaintiff's) business during the period he was engaged in rendering the services. In refusing to allow such examination we think the referee was right, for the reason that it was not a question of whether the plaintiff was benefited or injured in his own business, but whether he had performed services for the defendant which entitled him to compensation.

Upon the second cause of action, there was no defense that the failure to arbitrate was the result of any act of the plaintiff's. The answer denied nothing except as to the amount, thus leaving plaintiff to make proof of the sum expended, and his damages connected with the arbitration. The referee was therefore right in refusing to permit the introduction of a letter which was offered, and which, it is claimed, contradicted the plaintiff's testimony that he never withdrew from the arbitration. The counsel for the defendant asked for a letter from Mr. Goodsell to Mr. Wiley, and it would appear that that letter was produced, and the witness was then asked, "What is this paper?" to which he answered, "A letter from Mr. Goodsell." It will therefore be seen that there was some confusion at this point, because the counsel was speaking of a letter from Mr. Goodsell, but the exhibit itself shows that it was a letter purporting to be signed by Mr. Wiley. It does contain a statement that the plaintiff withdraws his "acquiescence to the arbitration." But the answer of the plaintiff that he had not withdrawn was given in response to a question of the defendant upon a collateral matter not at issue. Conceding, therefore, that the letter sought to be introduced was one signed by the plaintiff, we think it was properly excluded.

Without commenting further upon the numerous exceptions and rulings, it is sufficient to say that none of them is so serious as to justify our interference with the judgment, which, upon the facts, the referee has rightfully rendered in favor of the plaintiff.

The judgment should therefore be affirmed, with costs. All concur.