■ HENRY J. KRUPNICKI, Appellant, v DAVID V. SNIDER et al., Respondents. — Order and judgments unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: During the trial of this action in which plaintiff sought recovery for the loss of certain farm buildings and equipment by fire of an incendiary nature, it became apparent that record title to the real property in question was in a corporation, Krupside Farms, Inc. On motions to dismiss the complaint for failure to join the proper party in interest plaintiff sought to explain and offered to prove that he was the sole owner of the corporation and that the formation of the corporation and conveyance of the land to it some years earlier was for the single purpose of obtaining a bank loan which he was unable to secure as an individual. Plaintiff also sought to amend the complaint by adding the corporation to the action. This motion was denied. In granting the motions to dismiss the court was in error. CPLR 1001 (subd [a]) provides: "Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who

might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants." Subdivision (b) of the same statute provides: "When a person who should be joined under subdivision (a) has not been made a party and is subject to the jurisdiction of the court, the court shall order him summoned." Defendants had been apprised well in advance of trial of the nature of the ownership of the real property. This had been disclosed in depositions taken before trial and in plaintiff's bill of particulars. They cannot claim prejudice or surprise. "It is elementary that mistakes or irregularities not affecting a substantial right of a party are not fatal. Mistakes relating to the name of a party involving a misnomer or misdescription of the legal status of a party surely fall within the category of those irregularities which are subject to correction by amendment, particularly when the other party is not prejudiced and should have been well aware from the outset that a misdescription was involved (3 Carmody-Wait 2d, Parties, §§ 19:11 and 19:12, pp. 194-195; § 19:19, pp. 209-210; CPLR 2001)." *(Covino v Alside Aluminum Supply Co.,* 42 AD2d 77, 80.) The court correctly dismissed plaintiff's second cause of action against defendants County of Wyoming and Beresh sounding in tort for failure to timely serve a notice of claim required by section 50-e of the General Municipal Law. The judgment dismissing the complaint against defendant Snider is reversed and the judgment dismissing the complaint against defendants County of Wyoming and Beresh is modified insofar as it dismissed plaintiff's first cause of action against them sounding in contract, and, as modified, affirmed. Plaintiff's motion to amend the complaint by adding Krupside Farms, Inc., as a party plaintiff is granted. We have not considered the substantive issues raised by the parties. (Appeals from judgments and order of Wyoming Supreme Court — negligence, breach of contract.) Present — Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.