■ HOMEMAKERS, INC., OF LONG ISLAND, True Name UPJOHN HEALTHCARE SERVICES, Respondent, v ROBERT WILLIAMS et al., Appellants. — In an action to recover the value of services rendered, defendants appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Young, J.), dated July 27, 1982, as modified defendants' demand for a bill of particulars by striking items Nos. 2 through 5; (2) from an order of the same court (Levitt, J.), dated October 1, 1982, which granted plaintiff's motion to amend the caption of its summons and verified complaint; (3) from an order of the same court (Levitt, J.), dated January 14, 1983, which denied defendants' motion to strike the case from the Trial Calendar; (4) as limited by their brief, from so much of an order of the same court (Wager, J.), dated March 24, 1983, as denied defendants' motion for leave to serve an amended verified answer; (5) from an order of the same court (Christ, J.), dated April 21, 1983, which denied defendants' motion for an order directing an officer of the plaintiff corporation to submit to an examination before trial; (6) from an order of the same court (Christ, J.), entered June 7, 1983, which denied defendants' motion for renewal of their prior motion to depose an officer of the plaintiff corporation; (7) from an order of the same court (Christ, J.), dated June 22, 1983, which granted plaintiff's motion for summary judgment as to its first two causes of action;

and (8) from an order of the same court (Roncallo, J.), dated September 19, 1983, which granted the plaintiff's motion for an order directing the Nassau County Clerk to turn over to plaintiff the $10,000 security posted by defendants. ¶ Order dated July 27, 1982, modified to the extent that item No. 2 of defendants' demand for a bill of particulars is not stricken. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Plaintiff's time to respond to the demand for the bill of particulars is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. ¶ Order dated October 1, 1982, affirmed, without costs or disbursements. No opinion. ¶ Order dated January 14, 1983, affirmed, without costs or disbursements. No opinion. ¶ Order dated March 24, 1983, affirmed insofar as appealed from, without costs or disbursements. No opinion. ¶ Order dated April 21, 1983, and order entered June 7, 1983, reversed, without costs or disbursements, and motion for an order directing an officer of the plaintiff corporation to submit to an examination before trial granted. The examination before trial shall proceed at such time and place as shall be fixed in a written notice of not less than 5 nor more than 10 days, which notice is to be given by the defendants within 10 days after service upon them of a copy of the order to be made hereon, with notice of entry, or at such time and place as the parties may agree. ¶ Order dated June 22, 1983, reversed, without costs or disbursements, motion for summary judgment denied and judgment entered thereon vacated. ¶ Order dated September 19, 1983, reversed, without costs or disbursements, motion for an order directing the Nassau County Clerk to turn over to plaintiff the $10,000 security posted by the defendants denied and plaintiff is directed to remit the funds to the Nassau County Clerk to be held in accordance with the ex parte order of the same court (Roncallo, J.), dated March 2, 1983. ¶ In January, 1980, defendant Robert Williams contacted plaintiff by telephone and requested private nursing services for his mother, Jane Williams. The services were to be billed to Jane Williams and were covered in large part by her medical insurance. The medical insurance payments were made directly to Jane Williams and were deposited in her checking account along with her savings. The nursing services provided by plaintiff were paid for out of this account by checks signed by Robert Williams as authorized signatory. Mr. Williams never contributed any moneys towards this account. The nursing services were terminated in November, 1981. ¶ In May, 1982, plaintiff instituted the within action against defendants Robert Williams and his wife Dorothy Williams to recover the sum of $8,834.37 for the nursing services rendered to Jane Williams. Plaintiff alleged that defendant Robert Williams was liable for the value of the services since the services were rendered at his request. Moreover, plaintiff claimed that defendant Dorothy Williams had signed the time slips for the nursing services rendered to her mother-in-law and by the terms thereof became contractually liable for said services. ¶ As a general rule, when a party requests of another the performance of services, which are then performed, the law implies a promise by that party to pay the reasonable value of those services (*Wiley v Goodsell,* 3 App Div 452). When, however, a party requests the services be provided to a third party the rule is different. In that situation, the party requesting the services is not obligated to pay for the reasonable value thereof unless that party has a legal obligation to provide those services to the third party (*McGuire v Hughes,* 126 App Div 637, affd 207 NY 516; *Crane v Baudoine,* 55 NY 256; *Staten Is. Hosp. v Porter,* 59 Misc 2d 389). There is no evidence in the record before us to establish that defendant Robert Williams had any legal duty to provide nursing services for his mother. Moreover, there is no indication that Robert Williams expressly promised to be personally liable for such services. In the absence of such evidence, summary judgment should not have been granted against him. ¶ In

addition, summary judgment should not have been awarded against defendant Dorothy Williams since sufficient documentary evidence exists in the record to raise a triable issue of fact as to whether she signed the time slips as her mother-in-law's agent. Dorothy Williams signed the time slips on the line designated for the client and next to her signature she placed the initials "DIL" indicating daughter-in-law. Jane Williams was designated as the customer on each of the time slips. It is well established that if an agent signs a contract on behalf of a principal, the agent will be held personally liable thereunder unless the agent indicates that he is acting as agent on behalf of a named principal (Restatement, Agency 2d, §§ 155, 156, pp 371-372). In view of the evidence herein, a triable issue of fact exists as to whether Dorothy Williams was personally liable for the nursing services. In view of the fact that the order granting summary judgment is being reversed, plaintiff is not entitled to retain the proceeds of the $10,000 security and is directed to return the same to the Nassau County Clerk. ¶ We find no error with Special Term's order permitting plaintiff to amend the caption of the summons and verified complaint from "Upjohn Healthcare Services, Inc." to "Homemakers, Inc. of Long Island T/A Upjohn Healthcare Services, Inc." The amendment related to a misdescription in plaintiff's legal status and was properly permitted (*Sutain, Ltd. v Montgomery Ward & Co.*, 22 AD2d 607, affd 17 NY2d 776; *Krupnicki v Snider*, 78 AD2d 1000). Any prejudice which may have been caused to defendants as a result of the amendment was cured by Special Term's directive permitting defendants to serve an amended verified answer and amended demand for a bill of particulars. ¶ Further, we find that Special Term should have granted defendants' motions to compel an officer of the plaintiff corporation to submit to an examination before trial. In both instances, the motions were made well in advance of the adjourned trial date and there was no indication that plaintiff would be prejudiced in any way by allowing the requested examinations. ¶ Finally, we find that while Special Term properly modified defendants' demand for a bill of particulars by striking items Nos. 3 through 5, item No. 2 of the demand, which requested information concerning the State in which plaintiff was incorporated, was proper and should have been permitted (see CPLR 3015, subd [b]). Titone, J. P., Bracken, Brown and Rubin, JJ., concur.