CUTTING EDGE, INC., Appellant, v CHRISTOPHER SANTORA et al., Respondents. [771 NYS2d 462]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered January 24, 2003. The order granted defendants' motion to dismiss the amended complaint and denied that part of plaintiff's cross motion to amend the caption of the summons and amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied, the amended complaint is reinstated, the cross motion is granted in part and the caption is amended in accordance with the following memorandum: Supreme Court

erred in granting defendants' motion to dismiss the amended complaint pursuant to CPLR 3211 (a) (3) and in denying that part of plaintiff's cross motion seeking to amend the caption of the summons and amended complaint to designate plaintiff as "125 Old Orchard, Inc., d/b/a Cutting Edge," its correct corporate name. "Mistakes relating to the name of a party involving a misnomer or misdescription of the legal status of a party surely fall within the category of those irregularities which are subject to correction by amendment, particularly when the other party is not prejudiced and should have been well aware from the outset that a misdescription was involved" (*Covino v Alside Aluminum Supply Co.*, 42 AD2d 77, 80 [1973]; *see A.A. Sutain, Ltd. v Montgomery Ward & Co.*, 22 AD2d 607, 608-609 [1965], *affd* 17 NY2d 776 [1966]; *Homemakers, Inc. of Long Is. v Williams*, 100 AD2d 505, 507 [1984]). Present—Green, J.P., Pine, Wisner, Gorski and Lawton, JJ.