■ Garry M. White et al., Appellants, v Village of Port Chester, Respondent, et al., Defendants. (And a Third-Party Action.) [940 NYS2d 94]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Loehr, J.), entered January 28, 2010, as granted those branches of the motion of the defendants Village of Port Chester, Port Chester IDA, G & S Investors, G & S Port Chester, LLC, G & S Investors/ Jersey City, L.P., G & S Investors/Jersey City II, L.P., G & S Investors/Willow Park, L.P., Willow Park Enterprises, Inc., HR Construction and Renovations, Inc., and Farmingdale Maintenance Services, Inc., which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action and so much of the Labor Law § 241 (6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-1.7 (e) (2) insofar as asserted against them, granted those branches of the separate motion of the defendant March Associates, Inc., which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action and so much of the Labor Law § 241 (6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-1.7 (e) (2) insofar as asserted against it, granted those branches of the separate motion of the defendants Etre Associates, Ltd., ELQ Industries, and B.M.B Leasing Corporation which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against the defendant Etre Associates, Ltd., and so much of the Labor Law § 241 (6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-1.7 (e) (2) insofar as asserted against them, granted

that branch of the separate motion of the defendant Orange County Ironworks, LLC, which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-1.7 (e) (2) insofar as asserted against it, and granted that branch of the separate motion of the defendant A.G. Construction Corporation which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-1.7 (e) (2) insofar as asserted against it.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the motion of the defendants Village of Port Chester, Port Chester IDA, G&S Investors, G&S Port Chester, LLC, G&S Investors/Jersey City, L.P., G&S Investors/Jersey City II, L.P., G&S Investors/Willow Park, L.P., Willow Park Enterprises, Inc., HR Construction and Renovations, Inc., and Farmingdale Maintenance Services, Inc., which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action and so much of the Labor Law § 241 (6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-1.7 (e) (2) insofar as asserted against them and substituting therefor provisions denying those branches of the motion, (2) by deleting the provisions thereof granting those branches of the motion of the defendants Etre Associates, Ltd., ELQ Industries, and B.M.B Leasing Corporation which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against the defendant Etre Associates, Ltd., and so much of the Labor Law § 241 (6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-1.7 (e) (2) insofar as asserted against them and substituting therefor provisions denying those branches of the motion, (3) by deleting the provision thereof granting that branch of the motion of the defendant Orange County Ironworks, LLC, which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-1.7 (e) (2) insofar as asserted against it and substituting therefor a provision denying that branch of the motion, and (4) by deleting the provision thereof granting that branch of the motion of the defendant A.G. Construction Corporation which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-1.7 (e) (2) insofar as asserted against it and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to

the defendant March Associates, Inc., payable by the plaintiffs, and one bill of costs to the plaintiffs payable by the defendants Village of Port Chester, Port Chester IDA, G & S Investors, G & S Port Chester, LLC, G & S Investors/Jersey City, L.P., G & S Investors/Jersey City II, L.P., G & S Investors/Willow Park, L.P., Willow Park Enterprises, Inc., HR Construction and Renovations, Inc., and Farmingdale Maintenance Services, Inc., and the defendants Etre Associates, Ltd., ELQ Industries, and B.M.B. Leasing Corporation appearing separately and filing separate briefs, and the defendant Orange County Ironworks, LLC, and the defendant A.G. Construction Corporation.

As part of an urban renewal project, the defendant Village of Port Chester, through Port Chester IDA, acquired certain real property, which it leased to a corporate entity known as G & S Port Chester, LLC (hereinafter G & S). G & S entered into agreements with several construction contractors, including the defendant March Associates, Inc. (hereinafter March Associates), as general contractor in the construction of the interior portions of a building known as "retail G," and the defendant Etre Associates, Ltd. (hereinafter Etre), as contractor of the roadway and sidewalk areas outside retail G. Etre hired the defendant A.G. Construction Corporation (hereinafter A.G. Construction) to assist in the installation of the sidewalk by pouring the concrete.

The injured plaintiff, an employee of a nonparty trucking company, picked up steel from the defendant Orange County Ironworks, LLC (hereinafter Orange County), and delivered it to the area outside retail G, parking his truck alongside a sidewalk area where freshly poured concrete was covered with a plastic sheet that extended into the roadway. In order to reach the chains that secured the steel to the truck, the injured plaintiff stepped onto the edge of the plastic that extended into the road, tripped and fell. After he fell, the injured plaintiff pulled back the plastic sheet and saw a brick laying there, and another brick about four feet away. The injured plaintiff testified at his deposition that the bricks "were folded up inside the plastic." The injured plaintiff and his wife, suing derivatively (hereinafter together the plaintiffs), commenced this action against the Village of Port Chester, Port Chester IDA, G & S, and related entities (hereinafter collectively the Port Chester defendants), along with March Associates, Etre and its related entities ELQ Industries (hereinafter ELQ) and B.M.B. Leasing Corporation (hereinafter B.M.B.), Orange County, and A.G. Construction, alleging violations of Labor Law §§ 200, 241 (6), and common-law negligence.

Where, as here, the injured plaintiff's accident arose not from the manner in which the work was performed, but rather from an allegedly dangerous condition at the work site, liability for a violation of Labor Law § 200 and common-law negligence will be imposed if the property owner created the condition or had actual or constructive notice of it, and failed to remedy the condition within a reasonable amount of time (*see Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 147 [2010]; *Aragona v State of New York*, 74 AD3d 1260, 1260-1261 [2010]; *Bridges v Wyandanch Community Dev. Corp.*, 66 AD3d 938, 940 [2009]).

Here, the Port Chester defendants failed to satisfy their prima facie burden of establishing their entitlement to judgment as a matter of law. The Port Chester defendants failed to offer sufficient proof as to the last time they inspected the sidewalk or that the brick folded up inside the plastic sheet could not have been discovered upon a reasonable inspection (*see Colon v Bet Torah, Inc.*, 66 AD3d 731, 732 [2009]; *cf. Lee v Bethel First Pentecostal Church of Am.*, 304 AD2d 798, 799-800 [2003]).

A general contractor may be held liable in common-law negligence and under Labor Law § 200 if it had control over the work site and actual or constructive notice of the dangerous condition (*see Bridges v Wyandanch Community Dev. Corp.*, 66 AD3d at 940; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 707 [2007]).

Here, Etre, as the contractor hired to install the sidewalk, failed to establish, prima facie, that it lacked control over the sidewalk and, further, failed to establish, prima facie, that it neither created nor had actual or constructive notice of the alleged dangerous condition (*see Harsch v City of New York*, 78 AD3d 781, 783 [2010]).

However, March Associates, as the contractor for six interior spaces at the subject construction site demonstrated, prima facie, that it lacked control over the sidewalk (*see Mugavero v Windows By Hart, Inc.*, 69 AD3d 694, 695 [2010]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Labor Law § 241 (6) imposes a nondelegable duty on owners, contractors, and their agents to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]; *Markey v C.F.M.M. Owners Corp.*, 51 AD3d 734, 737 [2008]). In order to hold a subcontractor or statutory agent of the owner or general contractor absolutely liable under Labor Law § 241, there must be a showing that the subcontractor or agent had the authority

to supervise and control the work giving rise to these duties (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]; *Soltes v Brentwood Union Free School Dist.*, 47 AD3d 804, 805 [2008]; *Everitt v Nozkowski*, 285 AD2d 442, 443 [2001]). Here, Etre, ELQ, and B.M.B. failed to establish, prima facie, that they lacked the authority to supervise and control the work giving rise to the injured plaintiff's accident (*see Tomyuk v Junefield Assoc.*, 57 AD3d 518, 520-521 [2008]; *Kelly v LeMoyne Coll.*, 199 AD2d 942, 943 [1993]). However, March Associates met its prima facie burden of establishing its entitlement to judgment as a matter of law and, in opposition, the plaintiffs failed to raise a triable issue of fact.

Since the injured plaintiff was in the course of delivering materials for use at the construction site, and Labor Law § 241 (6) applies to workers and all those lawfully frequenting the construction site, the Port Chester defendants, along with Etre, ELQ, and B.M.B., failed to eliminate all triable issues of fact as to whether the injured plaintiff was engaged in construction work and, thus, entitled to the protection of Labor Law § 241 (6) (*see Simms v Elm Ridge Assoc.*, 259 AD2d 538, 539 [1999]; *Williams v G.H. Dev. & Constr. Co.*, 250 AD2d 959, 961 [1998]; *cf. Vernieri v Empire Realty Co.*, 219 AD2d 593, 595 [1995]).

The plaintiffs' cause of action to recover damages pursuant to Labor Law § 241 (6) is premised on a violation of 12 NYCRR 23-1.7 (e) (2), which is a sufficiently specific, positive command (*see Lane v Fratello Constr. Co.*, 52 AD3d 575, 576 [2008]). This provision of the Industrial Code was adequately pleaded in the plaintiffs' bill of particulars. Moreover, contrary to the Supreme Court's determination, the Port Chester defendants, Etre, ELQ, B.M.B., Orange County, and A.G. Construction, failed to establish, prima facie, that 12 NYCRR 23-1.7 (e) (2) is inapplicable to the facts of this case (*see Treu v Cappelletti*, 71 AD3d 994, 998 [2010]). In this regard, the speculative deposition testimony of the injured plaintiff regarding the brick's purpose was insufficient to establish, as a matter of law, that the brick was not debris but, rather, was integral to and "consistent with the work being performed" (*Mott v Tromel Constr. Corp.*, 79 AD3d 829, 831 [2010]; *see Jeter v Seagull Assoc., Inc.*, 43 AD3d 871, 872 [2007]). Moreover, the deposition testimony of certain defense witnesses familiar with the work was that it was not appropriate to use bricks to hold down a plastic sheet over freshly poured concrete and that, as was used in other areas over the sheet, two-by-four or two-by-six pieces of wood were appropriate. Thus, under these circumstances, triable issues of fact exist as to whether the brick was debris or integral to and

"consistent with the work being performed" (*see Aragona v State of New York*, 74 AD3d 1260 [2010]; *Riley v J.A. Jones Contr., Inc.*, 54 AD3d 744, 745 [2008]; *Lenard v 1251 Ams. Assoc.*, 241 AD2d 391, 393 [1997]).

The parties' remaining contentions either are academic in light of our determination or without merit.

Accordingly, the Supreme Court properly awarded summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action and so much of the Labor Law § 241 (6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-1.7 (e) (2) insofar as asserted against March Associates. However, the Supreme Court should not have awarded summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-1.7 (e) (2) insofar as asserted against the Port Chester defendants, Etre, ELQ, B.M.B., Orange County, and A.G. Construction. Nor should the Supreme Court have awarded summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against the Port Chester defendants and Etre. Mastro, A.P.J., Florio, Belen and Chambers, JJ., concur.