■ Townsend Doxey et al., Appellants, v Freeport Union Free School District et al., Respondents. (And a Third-Party Action.) [982 NYS2d 539]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), entered April 3, 2012, as granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Townsend Doxey (hereinafter the injured plaintiff), was working at the Columbus Avenue School, which was located within and owned by the Freeport Union School District (hereinafter the school district), as part of a project to replace a boiler. While standing in a hatchway, the injured plaintiff noticed that a tube containing a spring that was designed to facilitate the opening and closing of the hatch's doors was only partially attached to one of the hatch's doors. The injured plaintiff moved the tube and it sprung up and hit him in the face. The injured plaintiff, and his wife suing derivatively, then commenced this action against the school district, the construction manager for the project at the school, and the prime contractor to replace the boiler (hereinafter collectively the defendants). The defendants separately moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against each of them, and the Supreme Court granted those branches of their respective motions.

Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). Where, as here, the injured plaintiff's accident arose out of an allegedly dangerous condition at the work site, liability for a violation of Labor Law § 200 and common-law negligence will be imposed if the property owner created the condition or had actual or constructive notice of it, and failed to remedy the condition within a reasonable amount of time (*see McLean v 405 Webster Ave. Assoc.*, 98 AD3d 1090, 1093 [2012]; *White v Village of Port Chester*, 92 AD3d 872, 876 [2012]). A contractor may be held liable in common-law negligence and under Labor Law § 200 if it had control over the work site and actual or constructive notice of the dangerous condition (*see White v Village of Port Chester*, 92 AD3d at 876). Here, the property owner school district established, prima facie, that it did not create the allegedly dangerous condition in the spring mechanism. Similarly, the defendants satisfied their respective prima facie burdens of establishing their entitlement to judg-

ment as a matter of law on the issue of notice. The defendants demonstrated, as a matter of law, that they were not on actual notice of the allegedly dangerous condition in the spring mechanism. The fact that the defendants received notice that the hatch doors were rusted was insufficient to put them on notice of the allegedly dangerous condition in the spring mechanism (*see McCabe v Town of Riverhead*, 2 AD3d 416 [2003]). Further, the defendants demonstrated, as a matter of law, that constructive notice could not be imputed to them because the alleged defect in the spring, being encased within a tube, was latent and, thus, would not have been discoverable upon a reasonable inspection (*see Lee v Bethel First Pentecostal Church of Am.*, 304 AD2d 798, 800 [2003]; *Rapino v City of New York*, 299 AD2d 470, 471 [2002]). Moreover, Triton additionally established that, as a construction manager, which had not been delegated the authority and duties of a general contractor and which did not function as an agent of the owner, it was not a contractor responsible for the plaintiff's safety (*see Rodriguez v JMB Architecture, LLC*, 82 AD3d 949 [2011]; *see also McLaren v Turner Constr. Co.*, 105 AD3d 1016 [2013]). In opposition to these prima facie showings, the plaintiffs failed to raise a triable issue of fact.

"To recover under Labor Law § 241 (6), a plaintiff must establish the violation in connection with construction, demolition or excavation, of an Industrial Code provision which sets forth specific, applicable safety standards" (*Wein v Amato Props., LLC*, 30 AD3d 506, 507 [2006]). The defendants established, prima facie, that the Industrial Code provisions upon which the plaintiffs predicated their Labor Law § 241 (6) cause of action were inapplicable, as the injured plaintiff did not trip, and the spring mechanism was neither a "sharp projectio[n]," nor a "jack" (12 NYCRR 23-1.7 [e]; 23-1.27; *see Zastenchik v Knollwood Country Club*, 101 AD3d 861, 863 [2012]; *Saccenti v City of New York*, 45 AD3d 665, 667 [2007]; *Smith v Le Frois Dev., LLC*, 28 AD3d 1133, 1134 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Finally, in opposition to the defendants' prima facie showings that the doctrine of res ipsa loquitur is inapplicable, the plaintiffs failed to raise a triable issue of fact (*see Jansen v Roosevelt Union Free School Dist.*, 302 AD2d 495 [2003]).

Accordingly, the Supreme Court properly granted those branches of the defendants' respective motions which were for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Chambers, Austin and Miller, JJ., concur.