■ JORDANO BESSA, Respondent, v ANFLO INDUSTRIES, INC., Defendant, and VISTA ENGINEERING CORPORATION et al., Appellants. (And a Third-Party Action.) [51 NYS3d 102]—

In an action to recover damages for personal injuries, the defendants Royal One Real Estate, LLC, and Vista Engineering Corporation separately appeal, as limited by their respective briefs, from (1) so much of an order of the Supreme Court, Queens County (Siegal, J.), dated March 26, 2014, as denied those branches of their respective motion and cross motion which were for summary judgment dismissing the complaint insofar as asserted against each of them, and (2) so much of an order of the same court dated April 1, 2015, as, upon reargument, adhered to the determination in the order dated March 26, 2014.

Ordered that the appeals from the order dated March 26, 2014, are dismissed, without costs or disbursements, as the portions of the order appealed from were superseded by the order dated April 1, 2015; and it is further,

Ordered that the order dated April 1, 2015, is modified, on the law, by deleting the provisions thereof, upon reargument, adhering to so much of the order dated March 26, 2014, as denied those branches of the appellants' respective motion and cross motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against each of them, and substituting therefor provisions, upon reargument, vacating that portion of the order dated March 26, 2014, and, thereupon, granting those branches of the motion and cross motion; as so modified, the order dated April 1, 2015, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings, including the amendment of the caption and the pleadings in accordance herewith.

On October 6, 2010, the plaintiff allegedly was injured during the course of his employment with the third-party defend-

ant East Coast Painting and Maintenance, LLC (hereinafter East Coast). The plaintiff was employed as a bridge painter, and was assigned to work on a project involving the scraping and re-painting of a portion of the Queensborough Bridge.

The plaintiff alleged that he was injured at a dirt lot that was owned by the defendant Royal One Real Estate, LLC (hereinafter Royal), and leased to the defendant Vista Engineering Corporation (hereinafter Vista), the general contractor on the project. East Coast's workers were given access to the lot to store materials, and the workers would meet at the lot to load the materials onto trucks before heading to the construction site, which was located a few blocks away. The plaintiff alleged that he was carrying a bucket filled with lead and concrete to a truck for use at the bridge when he stepped in an 8- to 12-inch deep hole in the dirt surface of the lot, twisting his ankle and suffering injury.

The plaintiff commenced this action using the name "Jordano Bessa," which is the name on his lead certification card and on his employment documents. At his deposition, however, the plaintiff testified that his legal name was "Daniel Ribeiro." The plaintiff testified that he was an undocumented immigrant from Brazil, and that beginning in 1997 he had assumed the name of his friend, Jordano Bessa, in order to obtain work.

Royal moved for, inter alia, summary judgment dismissing the complaint insofar as asserted against it. Royal argued that the complaint should be dismissed because the plaintiff had perpetrated a fraud on the court by commencing the action under a false name. Royal further argued that the dirt lot was not a construction site within the meaning of Labor Law § 241 (6), that it had not violated any of the Industrial Code provisions alleged in the pleadings, and that it lacked notice of the hole that the plaintiff stepped into.

Vista cross-moved for, among other things, summary judgment dismissing the complaint insofar as asserted against it. In support of its cross motion, Vista relied upon the same arguments that were advanced by Royal in support of its motion.

In an order dated March 26, 2014, the Supreme Court, inter alia, denied those branches of Royal's motion and Vista's cross motion which were for summary judgment dismissing the complaint insofar as asserted against each of them. Both Royal and Vista moved for reargument. In an order dated April 1, 2015, the court granted reargument and, upon reargument, adhered to the determination in the order dated March 26, 2014. Royal and Vista separately appeal.

Contrary to the appellants' contention, the Supreme Court,

upon reargument, properly determined that dismissal of the complaint was not warranted on the ground that the plaintiff had perpetrated a fraud on the court. "[A] court has inherent power to address actions which are meant to undermine the truth-seeking function of the judicial system and place in question the integrity of the courts and our system of justice" (*CDR Créances S.A.S. v Cohen*, 23 NY3d 307, 318 [2014]). "Fraud on the court involves wilful conduct that is deceitful and obstructionistic, which injects misrepresentations and false information into the judicial process 'so serious that it undermines . . . the integrity of the proceeding' " (*id.* at 318, quoting *Baba-Ali v State of New York*, 19 NY3d 627, 634 [2012]). "[I]n order to demonstrate fraud on the court, the nonoffending party must establish by clear and convincing evidence that the offending 'party has acted knowingly in an attempt to hinder the fact finder's fair adjudication of the case and his adversary's defense of the action' " (*CDR Créances S.A.S. v Cohen*, 23 NY3d at 320, quoting *McMunn v Memorial Sloan-Kettering Cancer Ctr.*, 191 F Supp 2d 440, 445 [SD NY 2002]). "A court must be persuaded that the fraudulent conduct, which may include proof of fabrication of evidence, perjury, and falsification of documents concerns 'issues that are central to the truth-finding process' " (*CDR Créances S.A.S. v Cohen*, 23 NY3d at 320-321, quoting *McMunn v Memorial Sloan-Kettering Cancer Ctr.*, 191 F Supp 2d at 445).

Here, the appellants failed to establish that the plaintiff's use of the name "Jordano Bessa" was an attempt to hinder the fair adjudication of the case and their defense of the action (*see CDR Créances S.A.S. v Cohen*, 23 NY3d at 320). The plaintiff had used the name "Jordano Bessa" since 1997 in connection with his employment, and that was the name that appeared on his employment documentation. The plaintiff did not verify the complaint as true, and was forthright about his true legal name when the issue arose at his deposition. The appellants failed to articulate how the use of the wrong name would have garnered the plaintiff any advantage in this litigation. Furthermore, the appellants learned of the plaintiff's correct legal name during the course of discovery, and they failed to establish that they suffered any prejudice by the plaintiff's use of the wrong name. Under the circumstances, the Supreme Court providently exercised its discretion in denying those branches of the motion and cross motion which sought dismissal of the complaint on the ground the plaintiff had perpetrated a fraud on the court (*see id.*; *cf. Pastrana v City of New York*, 262 AD2d 53, 53 [1999]; *Brady v City of New York*, 257 AD2d 466, 466 [1999]). Accordingly, upon reargument, the court properly adhered to this aspect of the original determination.

Although dismissal of the complaint was not warranted, the Supreme Court nevertheless should have taken steps to ensure that the caption and the pleadings in this action were amended to reflect the plaintiff's correct name. "[W]here the right party plaintiff is in court but under a defective name or title as party plaintiff, . . . an amendment correcting the title is permissible" (*Covino v Alside Aluminum Supply Co.*, 42 AD2d 77, 80 [1973]; *see HSBC Bank USA, N.A. v Dalessio*, 137 AD3d 860, 862 [2016]; *Unique Laundry Corp. v Hudson Park NY LLC*, 55 AD3d 382, 382 [2008]; *Cutting Edge v Santora*, 4 AD3d 867, 867-868 [2004]). Indeed, "CPLR 2001 permits a court, at any stage of an action, to disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced" (*U.S. Bank N.A. v Eaddy*, 109 AD3d 908, 910 [2013]), and CPLR 5019 (a) gives trial and appellate courts the discretion to cure mistakes, defects, and irregularities that do not affect substantial rights of parties (*see U.S. Bank N.A. v Eaddy*, 109 AD3d at 910; *HSBC Bank USA, N.A. v Dalessio*, 137 AD3d at 862; *see also* CPLR 305 [c]). Inasmuch as the appellants failed to demonstrate that they would suffer any prejudice if the plaintiff's name is corrected, the court should have directed the amendment of the caption and the pleadings to reflect the plaintiff's correct legal name (*see* CPLR 305 [c]; 2001, 5019 [a]; *HSBC Bank USA, N.A. v Dalessio*, 137 AD3d at 862; *Unique Laundry Corp. v Hudson Park NY LLC*, 55 AD3d at 382; *Cutting Edge v Santora*, 4 AD3d at 867-868; *Covino v Alside Aluminum Supply Co.*, 42 AD2d at 80).

Turning to the plaintiff's Labor Law § 241 (6) cause of action, Royal and Vista established, prima facie, that at the time of the accident the plaintiff was not working in a construction area within the meaning of Labor Law § 241 (6) (*see Maragliano v Port Auth. of N.Y. & N.J.*, 119 AD3d 534, 535 [2014]; *Flores v ERC Holding LLC*, 87 AD3d 419, 421 [2011]; *Pirog v 5433 Preston Ct., LLC*, 78 AD3d 676, 677 [2010]). They submitted evidence which established that the lot where the accident occurred was located several blocks away from the construction area, and was used to store materials. There was no construction taking place at the lot, and the plaintiff's accident occurred as he was taking materials to a truck so they could be transported to the construction site. In opposition to this prima facie showing by Royal and Vista, the plaintiff failed to raise a triable issue of fact. Accordingly, upon reargument, the Supreme Court should have vacated that portion of the order dated March 26, 2014, which denied those branches of the respective motion and cross motion of Royal and Vista which were for summary judgment dismissing the Labor Law § 241

(6) cause of action insofar as asserted against them, and thereupon granted those branches of the motion and cross motion.

With respect to the plaintiff's Labor Law § 200 and common-law negligence causes of action, this accident arose not from the manner in which the work was performed, but rather from an allegedly dangerous condition at the work site. Under such circumstances, liability may be imposed if the property owner created the condition or had actual or constructive notice of it, and failed to remedy the condition within a reasonable amount of time (*see White v Village of Port Chester*, 92 AD3d 872, 876 [2012]; *Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 147 [2010]; *Aragona v State of New York*, 74 AD3d 1260, 1260-1261 [2010]). Similarly, a general contractor may be held liable in common-law negligence and under Labor Law § 200 if it had control over the work site and actual or constructive notice of the dangerous condition (*see White v Village of Port Chester*, 92 AD3d at 876; *Bridges v Wyandanch Community Dev. Corp.*, 66 AD3d 938, 940 [2009]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 707 [2007]).

Here, Royal, the owner, and Vista, the general contractor, each failed to establish, prima facie, their entitlement to judgment as a matter of law with respect to the plaintiff's Labor Law § 200 and common-law negligence causes of action. Both of these appellants failed to offer sufficient proof as to the last time they inspected the lot or otherwise demonstrate that the hole could not have been discovered upon a reasonable inspection (*see White v Village of Port Chester*, 92 AD3d at 876; *Colon v Bet Torah, Inc.*, 66 AD3d 731, 732 [2009]). Furthermore, Vista failed to establish, prima facie, that it lacked control over the lot (*see White v Village of Port Chester*, 92 AD3d at 876; *Harsch v City of New York*, 78 AD3d 781, 783 [2010]). Since the appellants failed to satisfy their prima facie burden, the Supreme Court properly adhered to its original determination with respect to these causes of action.

In light of our determination, we need not reach the appellants' remaining contentions. Chambers, J.P., Hall, Miller and Connolly, JJ., concur.