JNG Constr., Ltd. v Roussopoulos (2019 NY Slip Op 02324)





JNG Constr., Ltd. v Roussopoulos


2019 NY Slip Op 02324


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-06738
 (Index No. 101485/14)

[*1]JNG Construction, Ltd., respondent, 
v
George Roussopoulos, appellant.


Babchik & Young, LLP, White Plains, NY (Bruce M. Young and Emily Mann of counsel), for appellant.
Bonfiglio & Asterita, LLC, Staten Island, NY (Steven D. Schwartzman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of a loan agreement, the defendant appeals from a judgment of the Supreme Court, Richmond County (Kim Dollard, J.), dated May 5, 2017. The judgment, upon an order of the same court dated April 7, 2017, granting the plaintiff's motion to confirm a referee's report, which recommended that the plaintiff be awarded the principal sum of $71,500, plus interest at the rate of 9% per annum from December 31, 1998, and for leave to enter a judgment, and denying the defendant's cross motion to reject the referee's report and to dismiss the complaint as time-barred, for lack of standing, and on the ground that the plaintiff perpetrated a fraud on the court, is in favor of the plaintiff and against the defendant in the principal sum of $71,500, plus interest at the rate of 9% per annum from December 31, 1998.
ORDERED that the judgment is modified, on the facts, by reducing the award to the plaintiff from the principal sum of $71,500, plus interest at the rate of 9% per annum from December 31, 1998, to the principal sum of $55,500, plus interest at the rate of 9% per annum from December 31, 1998; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the plaintiff's motion which was to confirm the referee's report is granted to the extent of confirming so much of the report as recommended that the plaintiff be awarded the principal sum of $55,500, plus interest at the rate of 9% per annum from December 31, 1998, and is otherwise denied, that branch of the defendant's cross motion which was to reject so much of the referee's report as recommended that the plaintiff be awarded a principal sum greater than $55,500 is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Richmond County, for the entry of an appropriate amended judgment.
In 2014, the plaintiff commenced this action to recover damages for breach of an oral loan agreement that it entered into with the defendant in 1998. The plaintiff allegedly loaned the defendant the sum of $71,500, consisting of $55,500 in checks and $16,000 in cash, with an interest rate of 9% per year and a maturity date of December 31, 2013. The complaint alleged that the defendant failed to repay any portion of the loan.
Following joinder of issue, the plaintiff moved by notice of motion dated October 21, 2015, pursuant to CPLR 3126 to strike the defendant's answer and for leave to enter a default [*2]judgment or, in the alternative, to preclude the defendant from introducing evidence in his defense at trial, based on the defendant's alleged failure to respond to certain discovery demands, orders, and a stipulation. In support of the motion, the plaintiff alleged that the defendant failed to provide the name and address of the financial institution where he had deposited the loan proceeds, in violation of a preliminary conference order dated February 24, 2015, a discovery order dated June 19, 2015, and a discovery stipulation dated August 11, 2015. Further, the plaintiff alleged that the defendant failed to supplement his responses to the plaintiff's notice to admit dated March 17, 2015, in violation of the stipulation dated August 11, 2015, and that he failed to provide a response to the plaintiff's notice for discovery and inspection and its demand for answers to interrogatories, both dated March 17, 2015, in violation of the order dated June 19, 2015, and the stipulation dated August 11, 2015. The defendant opposed the plaintiff's motion and cross-moved, inter alia, pursuant to CPLR 3124 to compel the plaintiff to respond to his notice for discovery and inspection dated February 2, 2015. In an order dated January 22, 2016, the Supreme Court granted that branch of the plaintiff's motion which was to preclude the defendant from introducing evidence in his defense at trial, denied the defendant's cross-motion, and directed the plaintiff to move for leave to enter a default judgment by March 11, 2016.
Thereafter, by notice of motion dated February 3, 2016, the defendant moved pursuant to CPLR 2221 to "vacat[e]" the order dated January 22, 2016, and, upon vacatur, pursuant to CPLR 3124 to compel discovery. The defendant argued that vacatur of the order was warranted because his failure to comply with discovery orders was attributable to law office failure. The plaintiff opposed the defendant's motion and cross-moved by notice of cross motion dated March 4, 2016, for leave to enter a default judgment. In an order dated April 8, 2016, the Supreme Court denied the defendant's motion to vacate the order dated January 22, 2016, and granted the plaintiff's cross motion for leave to enter a default judgment. In a second order dated April 8, 2016, the court awarded the plaintiff a default judgment on the issue of liability and directed an inquest on the issue of damages following the filing of a note of issue. The matter was referred to a referee to hear and report on the issue of damages. After an inquest, at which the plaintiff's principal, John Kafantaris, testified, the referee issued a report recommending that the court find that the defendant owed the plaintiff the principal sum of $71,500, plus interest at the rate of 9% per annum from December 31, 1998.
By notice of motion dated December 12, 2016, the plaintiff moved to confirm the referee's report and for leave to enter a judgment. The defendant cross-moved by notice of cross motion dated January 25, 2017, to reject the referee's report and to dismiss the complaint as time-barred, for lack of standing, and on the ground that the plaintiff perpetrated a fraud on the court. In an order dated April 7, 2017, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. Subsequently, the court issued a judgment dated May 5, 2017, in favor of the plaintiff and against the defendant in the principal sum of $71,500, plus interest at the rate of 9% per annum from December 31, 1998. The defendant appeals.
The Supreme Court providently exercised its discretion in granting those branches of the plaintiff's October 2015 motion and its March 2016 cross motion which were, respectively, to preclude the defendant from introducing evidence in his defense at trial and for leave to enter a default judgment. "If a party refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . the court may make such orders with regard to the failure or refusal as are just'" (Smith v County of Nassau, 138 AD3d 726, 728, quoting CPLR 3126). Such orders include "an order prohibiting the disobedient party from supporting or opposing designated claims or defenses" (CPLR 3126[2]), or an order "rendering a judgment by default against the disobedient party" (CPLR 3126[3]). "To invoke the drastic remedy of preclusion, the court must determine that the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019; see Watson v 518 Pa. Hous. Dev. Fund Corp., 160 AD3d 907, 910; Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 739). " The willful and contumacious character of a party's conduct may be inferred from the party's repeated failure to comply with court-ordered discovery, and the absence of any reasonable excuse for those failures, or a failure to comply with court-ordered discovery over an extended period of time'" (Watson v 518 Pa. Hous. Dev. Fund [*3]Corp., 160 AD3d at 910, quoting New York Timber, LLC v Seneca Cos., 133 AD3d 576, 577; see Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019). " Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed'" (Hongkui Kuang v MetLife, 159 AD3d 878, 881, quoting Lotardo v Lotardo, 31 AD3d 504, 505).
Here, the willful and contumacious character of the defendant's conduct can be inferred from his repeated failures over an extended period of time, without an adequate excuse, to comply with the plaintiff's discovery demands, the Supreme Court's discovery orders, and the parties' discovery stipulation (see Hasan v 18-24 Luquer St. Realty, LLC, 144 AD3d 631, 632; Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d at 1020; Carabello v Luna, 49 AD3d 679, 680; Moog v City of New York, 30 AD3d 490, 491). Accordingly, the court providently exercised its discretion in granting those branches of the plaintiff's motion and cross motion which were to preclude the defendant from introducing evidence in his defense at trial and for leave to enter a default judgment (see Carabello v Luna, 49 AD3d 679). Moreover, the court's determination to grant those branches of the plaintiff's motion and cross motion rendered academic that branch of the defendant's cross motion which was pursuant to CPLR 3124 to compel discovery (see e.g. Cadet-Duval v Gursim Holding, Inc., 147 AD3d 718, 719).
The Supreme Court also providently exercised its discretion in denying that branch of the defendant's February 2016 motion which was to vacate the order dated January 22, 2016, on the ground of law office failure. Contrary to the defendant's contention, he failed to provide a basis for vacating the order. While law office failure may, under certain circumstances, prevent a finding of willful and contumacious conduct or excuse a party's failure to comply with a conditional order of preclusion (see e.g. Marks v Vigo, 303 AD2d 306, 307), these arguments should have been advanced by the defendant in his opposition to the plaintiff's motion, inter alia, to preclude him from introducing evidence in his defense at trial. To the extent that the defendant's motion to vacate was, in effect, a motion for leave to renew his opposition to the plaintiff's preclusion motion (see CPLR 2221[e]), the defendant failed to provide a "reasonable justification" for his failure to present the facts underlying his motion to vacate in opposition to the preclusion motion (CPLR 2221[e][3]; see Mosquera v Roach, 151 AD3d 1056, 1058).
We agree with the Supreme Court's determination to deny that branch of the defendant's January 2017 cross motion which was to dismiss the complaint as time-barred. A cause of action to recover damages for breach of a loan agreement is governed by a six-year statute of limitations (see CPLR 213[2]). "As a general principle, the statute of limitations begins to run when [the] cause of action accrues" (County of Suffolk v Suburban Hous. Dev. & Research, Inc., 160 AD3d 607, 609; see CPLR 203[a]). Contrary to the defendant's contention, the evidence presented at the inquest supports the allegations in the complaint that the loan matured on December 31, 2013. Accordingly, the action, which was commenced in September 2014, was timely.
We also agree with the Supreme Court's determination to deny that branch of the defendant's January 2017 cross motion which was to dismiss the complaint for lack of standing. A defense of lack of standing is waived if not asserted in an answer or a pre-answer motion to dismiss (see CPLR 3211[a][3]; [e]; US Bank N.A. v Nelson, _____ AD3d _____, 2019 NY Slip Op 00494 [2d Dept 2019]; Citibank, N.A. v Gentile, 156 AD3d 859, 860; Gabel v Gabel, 104 AD3d 910, 911). Here, the defendant waived the issue of the plaintiff's standing by failing to raise lack of standing as an affirmative defense in his answer or to make a pre-answer motion to dismiss the complaint on the ground of lack of standing.
Further, we agree with the Supreme Court's determination to deny that branch of the defendant's January 2017 cross motion which was to dismiss the complaint on the ground that the plaintiff perpetrated a fraud on the court. "Fraud on the court involves willful conduct that is deceitful and obstructionistic, which injects misrepresentations and false information into the judicial process so serious that it undermines . . . the integrity of the proceeding" (CDR Créances S.A.S. v Cohen, 23 NY3d 307, 318 [internal quotation marks omitted]; see Bessa v Anflo Indus., Inc., 148 AD3d 974, 976). "[I]n order to demonstrate fraud on the court, the nonoffending party must [*4]establish by clear and convincing evidence that the offending party has acted knowingly in an attempt to hinder the fact finder's fair adjudication of the case and his [or her] adversary's defense of the action" (CDR Créances S.A.S. v Cohen, 23 NY3d at 320 [internal quotation marks omitted]; see Bessa v Anflo Indus., Inc., 148 AD3d at 976). "A court must be persuaded that the fraudulent conduct, which may include proof of fabrication of evidence, perjury, and falsification of documents concerns issues that are central to the truth-finding process" (CDR Créances S.A.S. v Cohen, 23 NY3d at 320-321 [internal quotation marks omitted]; see Bessa v Anflo Indus., Inc., 148 AD3d at 976). Here, the defendant failed to establish, by clear and convincing evidence, that the plaintiff engaged in conduct that would constitute a fraud on the court.
However, we agree with the defendant that the Supreme Court should not have confirmed the referee's report in its entirety, and should not have awarded the plaintiff the principal sum of $71,500, plus interest at the rate of 9% per year from December 31, 1998. CPLR 4403 provides that, "[u]pon the motion of any party . . . , the judge required to decide the issue may confirm or reject, in whole or in part, . . . the report of a referee to report; may make new findings with or without taking additional testimony; and may order a new trial or hearing." "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see Galasso, Langione & Botter, LLP v Galasso, 89 AD3d 897, 898).
Here, the referee's finding that the sum of $71,500 was the total amount borrowed pursuant to the loan agreement between the parties is not substantially supported by the record. The plaintiff's principal, Kafantaris, testified at the inquest that the defendant borrowed $71,500 from the plaintiff in 1998 at an interest rate of 9% per year. However, Kafantaris further testified that of the $71,500 borrowed, $55,500 was tendered in checks from the plaintiff to the defendant, while the cash portion of the loan was a "personal loan" from Kafantaris to the defendant. Kafantaris explained that he "[t]ook a loan" from the plaintiff by writing a check to himself from the plaintiff's account, cashing the check, and then giving that cash to the defendant. This testimony demonstrates that only $55,500 of the $71,500 loan amount was loaned by the plaintiff to the defendant. Accordingly, the referee's report should have been confirmed only to the extent of awarding the plaintiff the sum of $55,500, with interest at the rate of 9% per annum from December 31, 1998, and should otherwise have been rejected.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court